# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

MICHAEL N. MANUEL                                                    CIVIL ACTION

VERSUS                                                              14-599-SDD-RLB

TURNER INDUSTRIES GROUP, LLC and
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

## RULING

This matter is before the Court on the *Motion to Dismiss for Failure to State a Claim for Relief*[1] filed by Defendant, The Prudential Insurance Company of America ("Prudential").   Plaintiff, Michael N. Manuel ("Plaintiff"), has filed an *Opposition*[2] to this motion, to which Prudential filed a *Reply*.[3]   For the following reasons, the motion will be granted.

## I.    FACTUAL BACKGROUND[4]

Plaintiff filed suit against his employer, Turner Industries Group LLC ("Turner"), and Prudential, the entity that underwrote short and long term disability policies to employees of Turner. Plaintiff seeks, *inter alia*, to recover benefits due under the terms of a presumed employee welfare benefit plan, in this case, a group Long Term Disability ("LTD") Plan.  Prudential filed an answer denying liability for LTD benefits and asserted a

---

[1] Rec. Doc. 54.
[2] Rec. Doc. 65.
[3] Rec. Doc. 78.
[4] The Court draws the factual background from the following documents: Rec. Doc. 49, Rec. Doc. 54, Rec. Doc. 65, and Rec. Doc. 78.
34956

counterclaim against Plaintiff under 29 USC §1132(a)(3), seeking return of the Short Term Disability ("STD") benefits that it allegedly paid to Plaintiff from November 5, 2012 through January 20, 2013.  Prudential claims it erred in paying STD benefits to Plaintiff and that the STD Plan allows it to recover STD benefits erroneously paid to a beneficiary.  Plaintiff contends that Prudential is not entitled to reimbursement of STD benefits paid under applicable law and the facts of the present case.

The Plaintiff's claim in this case arose from a STD benefits claim filed while he was employed by Turner.  On October 22, 2012, Plaintiff stopped working due to surgery. Prior to his surgery, Plaintiff had performed his job duties without difficulty.  On November 8, 2012, Prudential approved Plaintiff's claim for STD benefits starting October 22, 2012. These STD benefits were exhausted on January 20, 2013, when Prudential informed Plaintiff that he had received the maximum benefits under the STD plan, and his STD claim was therefore closed.  Thereafter, Plaintiff applied for LTD benefits which Prudential initially denied.  Plaintiff appealed this initial denial.  On appeal, Prudential again denied Plaintiff's claims for LTD benefits.  On May 20, 2014, Plaintiff filed a Second Level Appeal. In response, Prudential denied Plaintiff's demand for LTD benefits and noted that Plaintiff's STD benefits may have been paid in error.  In September of 2014, Prudential demanded that Plaintiff pay back the $7,920.00 in STD benefits previously received.

Prudential is a New Jersey corporation domiciled in Newark, New Jersey that conducts business within this District.  Prudential argues that Plaintiff's ERISA section 502(a)(3), 510, and 502(c) claims should be dismissed as they pertain to Prudential as well as Plaintiff's state law claims.

34956

## II.    LAW AND ANALYSIS

### A.  Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[5]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[6]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[7]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[8]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[9]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]  In order to satisfy the plausibility standard, the plaintiff must show "more than

---

[5] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).

[6] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[7] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) (hereinafter "*Iqbal*").

[10] *Twombly*, 550 U.S. at 570.

34956

a sheer possibility that the defendant has acted unlawfully."[11]   "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[12]   On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[13]

### B.  Plaintiff's § 502(a)(3) Breach of Fiduciary Duty Claim

Plaintiff contends Prudential breached its fiduciary duty in the following ways: failing to provide an adequate plan description and failing to provide a dated and signed plan document.  Defendant seeks dismissal of Plaintiff's breach of fiduciary duty claim under ERISA § 502(a)(3).[14]  Prudential asserts that 29 U.S.C. § 1104 does not provide a cause of action for a breach of fiduciary duty as administrator of a disability plan and that ERISA § 502(a)(3) is an inappropriate provision under which to seek personal recovery because other equitable relief is available.[15]   Furthermore, Prudential argues Plaintiff's breach of fiduciary duty claim is not supported by controlling jurisprudence.[16]

In *Estate of Bratton v. National Union Fire Insurance Company*, the Fifth Circuit held that a plaintiff cannot bring a suit for breach of fiduciary duty when the civil enforcement provision of ERISA provides a possible remedy.[17]   The Fifth Circuit also held, in *Tolson v. Avondale Industries,* that the United States Supreme Court's holding in *Varity Corporation v. Howe* allows plaintiffs to sue for breach of fiduciary duty only when

---

[11] *Iqbal*, 556 U.S. at 678.
[12] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[13] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[14] Rec. Doc. 54-1.
[15] *Id.*
[16] *Id.*
[17] 215 F.3d 516, 526 (5th Cir. 2000).
34956

there is no remedy under ERISA.[18]  The Court finds that, because Plaintiff also alleges a remedy under ERISA § 502(a)(1)(B), under *Varity*, Plaintiff does not have a plausible breach of fiduciary duty claim against Prudential under ERISA § 502(a)(3) as a matter of law.

The cases relied on by the Plaintiff in his *Opposition* illustrate the rare exception where courts have sustained both an ERISA § 502(a)(1)(B) and a ERISA § 502(a)(3) claim; however, this case does not present such a rare exception.  In *Nowell v. Sherwin Alumina Company*, the plaintiff's breach of fiduciary duty claim was that the defendant "misrepresented the terms of the plan and induced [the plaintiff] to elect…benefit options that were detrimental to him."[19] Plaintiff herein does not allege that Prudential induced him to select benefits, as was the case in *Nowell*.  Nor is the holding in *Fowler v. Aetna Life Insurance Company* persuasive in the present case because the *Fowler* plaintiff sought both injunctive and equitable relief; no injunctive relief is sought herein.  The relief sought by the Plaintiff is equitable in nature and factually dissimilar from the outlier cases where courts have allowed both a § 502(a)(1)(B) and a § 502(a)(3) claim to proceed.  Thus, Plaintiff's breach of fiduciary duty claim is dismissed.

Plaintiff's remaining § 502(a)(3) claim against Prudential is premised on Prudential's alleged failure to provide a dated and signed plan document and adequate plan summary in its capacity as plan administrator.  It is undisputed that Turner is the plan administrator.[20]  As the Supreme Court stated in *Pegram v. Herdrich*, it is the employer

---

[18] *Tolson v. Avondale Indus.*, 141 F.3d 604, 610 (5th Cir. 1998) citing *Varity Corp. v. Howe*, 516 U.S. 489 (1996).
[19] 2013 WL 596587, at *2 (S.D. Tex. 2013).
[20] Rec Doc. 49, Rec. Doc. 56, Rec. Doc. 57-1, Rec. Doc. 55.
34956

who establishes the employee benefit plan.[21] In the present case, it is not Prudential, but Turner, that is responsible for any alleged deficiencies in the plan documents. Because Prudential is not the plan administrator, it cannot be held responsible for any defects in the plan.  Therefore, Prudential could not have breached any fiduciary duty pursuant to ERISA § 502(a)(3) when no fiduciary duty was owed.   Accordingly, Plaintiff's ERISA § 502(a)(3) is dismissed.

### C.  Plaintiff's § 510 Claim

Plaintiff alleges an ERISA § 510 claim based on Prudential's alleged threats to initiate legal action in an attempt to dissuade Plaintiff from seeking further benefits.[22]  In *Bodine v. Employers Casualty Company*, the Fifth Circuit held that, "[t]o sustain a valid § 510 claim, an employee must show: 1) prohibited (adverse) employer action (2) taken for the purpose of interfering with attainment of (3) any right to which the employee is entitled" to sustain a § 510  claim.[23]  The *Bodine* court further stated: "there must be some unscrupulous conduct or intentional act (such as harassment or nefarious inducement to stay) on the part of the employer."[24]  It is undisputed in this case that Turner, not Prudential, was Plaintiff's employer.  Because controlling jurisprudence from the Fifth Circuit clearly states that a valid § 510 claim requires an employment relationship, and there was no such relationship between Prudential and the Plaintiff, Plaintiff's § 510 claim against Prudential fails.

---

[21] 530 U.S. 211, 225-27 (2000).
[22] Rec. Doc. 49.
[23] 352 F.3d 245, 250 (5th Cir. 2003).
[24] *Id.*
34956

Once again, the cases upon which Plaintiff relies are not binding on this Court and are factually distinguishable from the present case.[25]   The *Bodine* court clarified the meaning of "person" in relation to an ERISA plan to mean "employer."[26] The decision in *Arnesberg v. UNUM* is not binding on the Court as it relied on the Fifth Circuit's pre-*Bodine* interpretation of § 510.  In *New Life Homecare v. Blue Cross*, the plaintiff sought injunctive relief under ERISA § 510.[27] Plaintiff herein seeks only equitable relief; *New Life Homecare* is therefore unpersuasive.  Plaintiff does not contest that Prudential is not his employer; therefore, an ERISA § 510 claim cannot be maintained against Prudential.  Accordingly, Plaintiff's ERISA § 510 claim is dismissed.

### D.  Plaintiff's § 502(c) Claim

Plaintiff contends that Prudential violated ERISA § 502(c) by failing to provide the Plaintiff with Plan documents.[28]   Prudential argues that it is not the Plan administrator pursuant to the terms of the Plan.

ERISA § 502(c) defines an "administrator" as:

> (I) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.[29]

---

[25] Rec. Doc. 65.
[26] *Heiman v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 505 (5th Cir. 1999); *Bodine*, 352 F.3d at 250 (5th Cir. 2003).
[27] *New Life Homecare v. Blue Cross Blue Shield of Michigan*, 2008 WL 4822016, *1, (M.D. Pa. Nov. 4, 2008).
[28] Rec. Doc. 49.
[29] 29 U.S.C. § 1002(16)(a)(i).
34956

In this case, it is uncontested that the Summary Plan Description provided to the Plaintiff identifies Turner as the Plan administrator.[30]  As set forth above, the plain language of § 502(c) "requires that the plaintiff seek relief from the plan administrator, who is personally liable for any disclosure violations.  The statute makes no provisions for liability to attach to any other person, even when the administrator is an employee of the plan sponsor."[31]

Plaintiff also argues that Prudential is a "de facto" administrator.  The Fifth Circuit "has not recognized that where a plan names a plan administrator, an entity other than the named administrator may nonetheless be held liable as a de facto administrator."[32]  Based upon the clear language of ERISA § 502(c), the Summary Plan Description, and relevant jurisprudence from the Fifth Circuit, the Court finds Plaintiff cannot maintain a viable § 502(c) claim against Prudential, and Plaintiff's ERISA § 502(c) claim is dismissed.

### E.  Plaintiff's State Law Claims

Plaintiff brings the following state law claims against Prudential: detrimental reliance,[33] good faith claims handling,[34] and unfair trade practices.[35]  Plaintiff argues that Defendant's arguments relating to the state law claims should be stricken because "any F.R.C.P 12(b)(6) motion as to plaintiff's alleged state law claims should have been filed in response to the original Complaint."[36]  Plaintiff's argument lacks merit.  In *Canal Insurance Company v. Coleman*, the Fifth Circuit clearly stated that "an amended

---

[30] Rec. Doc. 65, Rec. Doc. 54-1, Rec. Doc. 78.
[31] *Crowell v. Shell Oil Co.*, 481 F.Supp.2d 797, 814 (S.D. Tex. 2007).
[32] *Pathfinder Energy Services LLC., v. Pathfinder Energy Services, LLC.*, 2015 WL 3413328, 14 (W.D. La. 2015) quoting *Fisher v. Metropolitan Life Ins. Co*, 895 F.2d 1073, 1077 (5th Cir. 1990).
[33] La. C.C. Art. 1967.
[34] La. Rev. Stat § 22:1973.
[35] La. Rev. Stat § 51:1405.
[36] Rec. Doc. 65.

34956

complaint supersedes [the] original complaint and renders it of no legal effect…".[37]

Prudential filed the present motion timely in response to Plaintiff's *Amended Complaint*.[38]

Even assuming that Prudential's motion was not timely filed, Prudential asserted in its

*Answer* to the *Original Complaint* the affirmative defense that "Plaintiff's state law claims

are completely preempted by the Employee Retirement Income Security Act, 29 U.S.C.

§ 1001, *et seq.*"[39]   This preserved Prudential's defense to Plaintiff's state law claims.

Moreover, because Prudential timely filed its 12(b)(6) motion and it properly preserved an

affirmative defense to these claims, Plaintiff's assertion that Prudential's opposition to the

state law claims is untimely and should, thus, be stricken is both factually and legally

unsupported.

It is stipulated in this case that the Plan at issue is governed by ERISA.[40]   This

Court in *Browdy v. Hartford Life and Accident Insurance Company* noted that "the United

States Supreme Court has found that ERISA preempts state law tort and contractual

claims for improper processing of a claim for benefits."[41]   Plaintiff's state law claims

against Prudential arise from Prudential's alleged mishandling of his long-term disability

plan and Prudential's interpretation of the pre-existing condition clause of the ERISA-

governed Plan at issue.[42]   Because Plaintiff's state law claims arise from Prudential's

claims handling of an ERISA-governed plan, these claims are clearly preempted by

ERISA and subject to dismissal.[43]   Accordingly, Plaintiff's state law claims are dismissed.

---

[37] 625 F.3d 244, 246 n.2 (5th Cir. 2010).
[38] Rec. Doc. 51, Rec. Doc. 54.
[39] Rec. Doc. 7.
[40] Rec. Doc. 34.
[41] *Browdy v. Hartford Life and Acc. Ins. Co.*, No. 11-818, 2014 WL 5500392, at *4 (M.D. La. 2014)(citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987)).
[42] Rec. Doc. 34, Rec. Doc. 49.
[43] *McNeil v. Times Ins. Co.*, 205 F.3d 179,192 (5th Cir. 2000).
34956

## III.   CONCLUSION

For the above stated reasons, Defendant Prudential's *Partial Motion to Dismiss for Failure to State a Claim for Relief*[44] is GRANTED, and Plaintiff's ERISA § 502(a)(3), ERISA § 510, ERISA § 502(c),  La. Rev. Stat § 22:1973, La. C.C. Art. 1967, La. Rev. Stat § 22:1973, La. Rev. Stat § 22:1973 claims are dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>September 23, 2016</u>.


*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[44] Rec. Doc. 54.
34956