UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL N. MANUEL | CIVIL ACTION |
| VERSUS | 14-599-SDD-RLB |
| TURNER INDUSTRIES GROUP, LLC and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | |

### RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by Plaintiff, Michael N. Manuel ("Plaintiff"), to which Defendant, the Prudential Insurance Company of America filed an *Opposition*.[2] Also, before the Court are *Cross Motions for Summary Judgment* filed by Defendant, The Prudential Insurance Company of America ("Prudential"),[3] and Plaintiff.[4] Plaintiff filed an *Opposition*[5] to Prudential's *Motion for Summary Judgment*, to which Prudential filed a *Reply*.[6] Prudential filed a *Response*[7] to Plaintiff's *Motion for Summary Judgment*, to which Plaintiff filed a *Reply*.[8] For the reasons which follow, the Court finds that the Plaintiff's motion to dismiss should be denied, Defendant's motion for summary judgment should be granted, and Plaintiff's motion for summary judgment should be denied.

---

[1] Rec. Doc. 83.
[2] Rec. Doc. 90.
[3] Rec. Doc. 86
[4] Rec. Doc. 87.
[5] Rec. Doc. 100.
[6] Rec. Doc. 101.
[7] Rec. Doc. 94.
[8] Rec. Doc. 97.
35123

## I.  FACTUAL BACKGROUND[9]

Plaintiff filed suit against his employer Turner Industries Group LLC ("Turner") and Prudential, the entity that underwrote short and long term disability policies to employees of Turner. Plaintiff seeks, *inter alia*, to recover benefits due under the terms of a presumed employee welfare benefit plan, in this case, a group Long Term Disability ("LTD") Plan. Prudential filed an *Answer* denying liability for LTD benefits and asserted a counterclaim against Plaintiff under 29 USC §1132(a)(3), seeking return of the Short Term Disability ("STD") benefits that it allegedly erroneously paid to Plaintiff from November 5, 2012 through January 20, 2013.  Prudential claims it erred in paying STD benefits to Plaintiff and that the STD Plan allows it to recover STD benefits erroneously paid to a beneficiary. Plaintiff contends that Prudential is not entitled to reimbursement of STD benefits paid under applicable law and the facts of the present case.

The Plaintiff's claim in this case arose from a STD benefits claim filed while he was employed by Turner.  On October 22, 2012, Plaintiff stopped working due to surgery. Prior to his surgery, Plaintiff had performed his job duties without difficulty.  On November 8, 2012, Prudential approved Plaintiff's claim for STD benefits starting October 22, 2012. These STD benefits were exhausted on January 20, 2013, when Prudential informed Plaintiff that he had received the maximum benefits under the STD plan, and his STD claim was therefore closed.  Thereafter, Plaintiff applied for LTD benefits which Prudential initially denied.  Plaintiff appealed this initial denial.  On appeal, Prudential again denied

---

[9] The Court draws the factual background from the following documents: Rec. Doc. 49, Rec. Doc. 54, Rec. Doc. 65, Rec. Doc. 78.
35123

Plaintiff's claims for LTD benefits.  On May 20, 2014, Plaintiff filed a Second Level Appeal. In response, Prudential denied Plaintiff's demand for LTD benefits and noted that Plaintiff's STD benefits may have been paid in error.  In September of 2014, Prudential demanded that Plaintiff pay back the $7,920.00 in STD benefits previously received.

Prudential is a New Jersey corporation domiciled in Newark, New Jersey, that conducts business within this District.  Prudential has asserted a counterclaim in this matter for the STD benefits erroneously paid.  Plaintiff has moved to dismiss the counterclaim, and both parties have filed cross motions for summary judgment on the counterclaim.  The Court will first address the pending Motion to Dismiss.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[10]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[11]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[12]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

---

[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[11] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

35123

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[13]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[16]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[17]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[18]

### B. Plaintiff's Motion to Dismiss Prudential's Counterclaim for Overpayment of STD Benefits under ERISA § 502(a)(3)

As discussed herein, Prudential initially paid Plaintiff STD benefits.  Upon full receipt of the Plaintiff's medical records, Prudential discovered that the STD benefits related to a medical condition that the Plaintiff was receiving medical treatment for during the pre-existing condition period contained in the Plan.  Prudential now seeks repayment of these STD benefits and filed a counterclaim against the Plaintiff to this end.

The United States Supreme Court, in *Sereboff v. Mid Atlantic Medical Services,*

---

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted)(hereinafter *Twombly*).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted)(hereinafter "*Iqbal*").
[15] *Twombly*, 550 U.S. at 570.
[16] *Iqbal*, 556 U.S. at 678.
[17] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[18] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
35123

held that a fiduciary's attempt to seek repayment of monies is equitable relief under ERISA § 502(a)(3).[19] The holding in *Sereboff* supports Prudential's argument that it is entitled to seek for improperly paid STD benefits under the language of the Plan.[20]  In *Browdy v. Hartford Life & Accident Company*, this Court determined that an insurer may refuse to pay benefits to a plaintiff who has refused to repay overpaid benefits.[21]  Based upon jurisprudence from the United States Supreme Court, as well as this Court, Prudential has stated a claim to recover overpaid benefits under ERISA § 502(a)(3).

Plaintiff offers a myriad of puzzling legal theories in his *Motion to Dismiss*. These theories ignore controlling jurisprudence, rely on cases that are factually distinguishable from the present case, and make conclusions of law without jurisprudential support.[22] First, Plaintiff argues that Prudential's attempt to seek recovery of STD benefits is a claim "seeking monetary damages against the general assets of Mr. Manuel."[23]  As discussed above, the Supreme Court in *Sereboff* held that a fiduciary's attempt to gain repayment of monies erroneously paid constitutes equitable relief under ERISA § 502(a)(3).[24]  The cases on which Plaintiff relies are factually distinguishable because they involve plaintiffs receiving payments from third party sources.  The present case involves no third party; the only funds that Plaintiff has received in relation to these benefits have been paid by Prudential.[25]

---

[19] 547 U.S. 356, 369 (2006).
[20] "Prudential has the right to recover any overpayments due to …any error Prudential makes in processing a claim…" Rec. Doc. 86-1.
[21] No. 11-818, 2014 WL 5500392, at *1, 11-13 (M.D. La. Oct. 30, 2014).
[22] Rec. Doc. 83-1.
[23] *Id.*
[24] 547 U.S. at 369 (2006).
[25] Rec. Doc. 83-1.
35123

Plaintiff argues that Prudential cannot recover any of the alleged overpayment because the Summary Plan Description does not contain a reference to the overpayment provision.[26] Plaintiff cites no case law in support of this assertion.[27] Indeed, contrary to Plaintiff's assertion, the Supreme Court has held that summary plan descriptions simply describe the contents of an ERISA Plan, they do not constitute the terms and conditions of the Plan itself.[28]

Plaintiff also argues Prudential is estopped from bringing the counterclaim "because it paid STD benefits and never mentioned that it may be able to recoup improperly paid STD benefits until after it had decided Manuel's claim for LTD benefits."[29] To reach Plaintiff's conclusion, the Court would have to go beyond the allegations of the complaint which must be liberally construed in favor of Prudential.[30] For the same reasons, the Court cannot grant Plaintiff's *Motion to Dismiss* with regards to whether repayment of the STD benefits constitutes a hardship, as this is a question of fact. Nevertheless, on the merits, Plaintiff's argument fails because the Plan clearly states that Prudential has the right to recover overpaid benefits.[31]

Plaintiff next argues that the lack of the signature on the document renders the overpayment language unenforceable.[32] However, the Fifth Circuit has held that "a formal document designated as the plan is not required to establish that an ERISA plan exists."[33]

---

[26] *Id.*
[27] *Id.*
[28] *Cigna Corp v. Amara*, 563 U.S. 421, 436 (2011).
[29] Rec. Doc. 83-1.
[30] *EPCO Carbon Dioxide Products Inc. v. JP Morgan Chase Bank, NA.*, 467 F.3d 466, 467 (5th Cir. 2006).
[31] Rec. Doc. 86-1.
[32] Rec. Doc. 83-1.
[33] *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 241 (5th Cir. 1990)(internal citations omitted).

35123

Accordingly, lacking a signature on the Plan document at issue would not render the Plan unenforceable, much less only the overpayment language.

Accordingly, the Plaintiff's *Motion to Dismiss for Failure to State a Claim* is denied, and the Court finds that Prudential's counterclaim for over payment of benefits states a claim upon which relief may be granted.

The Court now turns to the *Cross Motions for Summary Judgment* filed by Prudential and Plaintiff.

### C. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[34] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[35] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[36] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[37] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a

---

[34] Fed. R. Civ. P. 56(a).
[35] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[36] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[37] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

35123

scintilla of evidence."[38]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[39]  All reasonable factual inferences are drawn in favor of the nonmoving party.[40]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[41]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[42]

### D.  ERISA – Standard of Review

"Standard summary judgment rules control in ERISA cases."[43]  We review the grant of summary judgment *de novo*, applying the same standard as the district court.[44]  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[45]

---

[38] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[39] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[40] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[41] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[42] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[43] *Cooper v. Hewlett–Packard Co.*, 592 F.3d 645, 651 (5th Cir.2009) (quoting *Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 225 (5th Cir.2004)).
[44] *Pub. Citizen Inc. v. La. Att'y Disciplinary Bd.*, 632 F.3d 212, 217 (5th Cir. 2011).
[45] Fed.R.Civ.P. 56(a).

35123

The Fifth Circuit also reviews *de novo* a district court's selection of the appropriate standard of review to be applied to an ERISA administrator's eligibility determination.[46] Unless the terms of the plan give the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan[,]" an administrator's decision to deny benefits is reviewed *de novo*.[47] However, if the language of the plan does grant the plan administrator discretionary authority to construe the terms of the plan or determine eligibility for benefits, a plan's eligibility determination must be upheld by a court unless it is found to be an abuse of discretion.[48]  Independent of the administrator's ultimate authority to determine benefit eligibility, factual determinations made by the plan administrator during the course of a benefits review will be rejected only upon a showing of abuse of discretion.[49]

In the ERISA context, "[a]buse of discretion review is synonymous with arbitrary and capricious review."[50]  This standard requires only that substantial evidence supports the plan fiduciary's decision.[51]  Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[52] "A decision is arbitrary only if made without a rational connection between the known facts and the decision or between the found facts and the evidence."[53]  Moreover, this court's "review of the administrator's decision need not be

---

[46] *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 213 (5th Cir. 1999).
[47] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).
[48] *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008) (citing *Firestone Tire & Rubber Co.*, 489 U.S. at 111, 115).
[49] *Meditrust Fin. Servs. Corp.*, 168 F.3d at 213.
[50] *Cooper*, 592 F.3d at 652.
[51] *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 273 (5th Cir.2004).
[52] *Id.* (quoting *Deters v. Sec'y of Health, Educ. & Welfare*, 789 F.2d 1181, 1185 (5th Cir.1986)).
[53] *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir.2009) (citing *Meditrust Fin. Servs. Corp.*, 168 F.3d at 215).

35123

particularly complex or technical; it need only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness—even if on the low end."[54]

### E.  ERISA § 502(A)(1)(b) Application of the Pre-existing Condition Exclusion

Plaintiff argues that Prudential violated ERISA § 502(A)(1)(b) in denying his claim for LTD Benefits and demanding repayment of his STD Benefits.[55]  Prudential, in turn, argues that Plaintiff's STD and LTD claim is subject to the pre-existing condition exclusion contained in the Plan documents.[56]  Therefore, the Court must examine the plain language of the pre-existing exclusion contained in the Plan documents and determine if Plaintiff sought medical treatment for the condition relating to his cervical fusion surgery and carpal tunnel release during the exclusion period.

The relevant pre-existing condition exclusion that governs the STD and LTD benefits at issue states:

> You have pre-existing conditions if: (1) You received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines, or followed treatment recommendation in the **3 months prior to your effective date of coverage**; or (2) you had symptoms for which an ordinarily prudent person would have consulted a health care provider in the **3 months just prior to your effective date of coverage**.[57]

The Statement of Undisputed Facts attached to his motion states that the effective date of coverage determined by Prudential was March 1, 2012, rendering Plaintiff's pre-

---

[54] *Corry v. Liberty Life Assur. Co. of Boston,* 499 F.3d 389, 398 (5th Cir.2007) (quoting *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 297 (5th Cir.1999) (en banc)).
[55] Rec. Doc. 49.
[56] Rec. Doc. 86-4.  "As to both STD and LTD benefits, the Plan "does not cover a disability which…is due to a pre-existing condition."  Rec Doc. 86-1, quoting Rec. Doc. 33.
[57] Rec. Doc. 86-1 quoting Rec. Doc. 33. (emphasis added).
35123

existing condition period from December 1, 2011 through February 29, 2012.[58]  Per *Vercher v. Alexander & Alexander Inc.*, this factual finding is entitled to deference by this Court. [59]  Thus, the Court finds that the pre-existing condition period in the present case is December 1, 2011 to February 29, 2012.  Hence, the question before the Court is whether Plaintiff had a pre-existing condition under one of the above enumerated circumstances.

Plaintiff's medical records contain ample evidence that he received medical treatment from December 1, 2011 through February 29, 2012 relating to his cervical fusion surgery and carpal tunnel surgery performed on October 22, 2012.  Plaintiff's medical records noted that he was referred for a cervical myelogram and an enhanced CT and EMG of his right arm on January 30, 2012, for which he received a second referral on February 28, 2012, and prescriptions to treat pain relating to his cervical and right arm pain filled on December 22, 2011, February 6, 2012, January 6, 2012 and January 9, 2012.[60] The record clearly shows that Plaintiff "received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines, or followed treatment recommendation" in the three months prior to his effective date of coverage.[61]  Prudential only received these documents after requesting further documentation from the Plaintiff in making a determination regarding his LTD benefits.[62]  The Court finds that there is substantial evidence in the record to support Prudential's decision in denying LTD benefits to Plaintiff based upon the pre-existing condition

---

[58] *Id.*, citing Rec. Doc. 33.
[59] 379 F.3d 222, 226 (5th Cir. 2004).
[60] Rec. Doc. 86-1.
[61] Rec. Doc. 86-1.
[62] *Id.*

35123

contained in the Plan. The Court finds Prudential did not abuse its discretion in making this determination.

### F. Prudential's Motion for Summary Judgment on Their Counterclaim for Overpayment of STD Benefits under ERISA § 502(a)(3)

Also, before the Court is Prudential's Counterclaim against the Plaintiff for recoupment of the STD Benefits paid to the Plaintiff in error. As previously discussed, Prudential initially paid Plaintiff STD benefits. Upon full receipt of the Plaintiff's medical records, Prudential discovered that the STD benefits related to a medical condition that the Plaintiff was receiving medical treatment for during the pre-existing condition period contained in the Plan. Plaintiff was, therefore, not entitled to the STD benefits. Prudential's claim is supported both by the plain language of the Plan and controlling jurisprudence.[63]

Accordingly, Prudential's *Motion for Summary Judgment* on the counterclaim for repayment of STD benefits is granted, and Plaintiff's *Motion for Summary Judgment* is denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion to Dismiss*[64] is DENIED, Prudential's *Motion for Summary Judgment*[65] is GRANTED, and Plaintiff's *Motion for Summary Judgment* is DENIED. Having granted Prudential's motion for summary judgment on the counterclaim, the Court finds that judgment is appropriate in the amount of $7,920.00 subject to interest. The Court also finds that Plaintiff is entitled to reasonable costs and

---

[63] *Sereboff,* 547 U.S. 356, 369 (2006). Rec. Doc. 86-1.
[64] Rec. Doc. 83.
[65] Rec. Doc. 86.
35123

attorney's fees under 29 U.S.C. § 1132(g)(1).  Therefore, the parties shall submit to the Court within ten (10) days of this opinion, a joint proposed judgment consistent with the Court's findings herein.  Prudential has thirty (30) days to submit a brief regarding attorney's fees and costs.  Plaintiff shall have fourteen (14) days thereafter to file a response on the issue of attorney's fees and costs.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 26, 2016.

*/s/ Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**