# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MICHAEL N. MANUEL                                   CIVIL ACTION

VERSUS                                               14-599-SDD-RLB

TURNER INDUSTRIES GROUP, LLC and
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

## RULING

This matter is before the Court on the *Motion for Summary Judgement*[1] filed by

Defendant, Turner Industries Group, LLC ("Turner").   Plaintiff, Michael N. Manuel,

("Plaintiff") has filed an *Opposition*[2] to this motion, to which Defendant filed a *Reply*.[3]   For

the following reasons, the motion will be granted.

I.    I.    **FACTUAL BACKGROUND**[4]

Plaintiff filed suit against his employer Turner and the Prudential Life Insurance

Company of America ("Prudential"), the entity that underwrote short and long term

disability policies to employees of Turner. Plaintiff seeks, *inter alia*, to recover benefits

due under the terms of a presumed employee welfare benefit plan, in this case, a group

Long Term Disability ("LTD") Plan.   Turner filed an answer denying liability regarding

Plaintiff under ERISA § 502(c), 502(a)(3), 510, and various state laws claims.

---

[1] Rec. Doc. 57.
[2] Rec. Doc. 66.
[3] Rec. Doc. 77.
[4] The Court draws the factual background from the following documents: Rec. Doc. 49, Rec. Doc. 57-2,
and Rec. Doc. 65.
35168

The Plaintiff's claim in this case arose from a STD benefits claim filed while he was employed by Turner.  During his employment with Turner, Plaintiff was a participant in the plan.  On October 22, 2012, Plaintiff stopped working due to surgery.  On November 8, 2012, Prudential approved Plaintiff's claim for STD benefits starting October 22, 2012. These STD benefits were exhausted on January 20, 2013, when Prudential informed Plaintiff that he had received the maximum benefits under the STD plan, and his STD claim was therefore closed.  Thereafter, Plaintiff applied for LTD benefits which Prudential initially denied. On August 19, 2013, in connection with his internal claim and appeal of his benefits claim with Prudential, Plaintiff contacted Turner to request the Plan documents.  Turner provided documents to the Plaintiff on August 20, 2013 and August 21, 2013.   Plaintiff appealed this initial denial.   On appeal, Prudential again denied Plaintiff's claims for LTD benefits.  On May 20, 2014, Plaintiff filed a Second Level Appeal. In response, Prudential denied Plaintiff's demand for LTD benefits and noted that Plaintiff's STD benefits may have been paid in error.  In September of 2014, Prudential demanded that Plaintiff pay back the $7,920.00 in STD benefits previously received.

Turner is a Louisiana limited liability company domiciled in Baton Rouge, Louisiana that conducts business within this District.  Turner argues that Plaintiff's ERISA section 502(c), 502(a)(3), 510, and state law claims are ripe for summary judgment.

## II.   LAW AND ANALYSIS

### A.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

35168

of law."[5]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[6]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[7]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[8]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[9]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[10]  All reasonable factual inferences are drawn in favor of the nonmoving party.[11]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[12]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his

---

[5] Fed. R. Civ. P. 56(a).
[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[7] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[8] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[9] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[10] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[11] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[12] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
35168

allegations … to get to a jury without any "significant probative evidence tending to support the complaint.""[13]

### B.  Plaintiff's ERISA §502(c) Claim[14]

Plaintiff alleges that Turner violated ERISA §502(c) by failing to provide a dated and signed copy of the Plan.[15]   ERISA §502(c) states, in relevant part, "any administrator…who fails to comply with a request for information which such administrator is required…to furnish to a participant or beneficiary…within 30 days after such request may in the court's discretion be liable to such participant or beneficiary in the amount up to $100 a day from the date of such failure or refusal [.]"[16]  In the present case, Turner responded to both of Plaintiff's requests for documentation within the 30 day period prescribed by law and provided the Plaintiff the Group Insurance Contract, the Group Insurance Certificate, and the Plan's Summary Plan Description.[17]   Plaintiff cites to *CIGNA Corporation v. Amara*, a United States Supreme Court case, for the contention that the documents provided to him do not constitute a valid and enforceable ERISA Plan.[18]  Unlike the defendant in *CIGNA*, Turner provided not only the Plan's Summary Plan Description but also the Group Insurance Contract and Certificate.[19]  Because the documents provided to the Plaintiff in this case are more numerous and comprehensive than the documents at issue in *CIGNA*, the Court finds that Plaintiff's reliance on *CIGNA* is misplaced.

---

[13] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[14] The Court incorporates by reference the *Ruling* on Prudential *Motion to Dismiss*, Rec. Doc. 102, pp. 7-8.
[15] Rec. Doc. 49.
[16] ERISA §502(c).
[17] Rec. Doc. 57-2.
[18] 563 U.S. 421,131 S.Ct. 1866, 1878 (2011).
[19] Rec. Doc. 57-2.
35168

Plaintiff further argues that Turner violated ERISA § 502(c) because the Group Insurance Contract is not dated or signed.[20]  ERISA § 402(a)(1) mandates that the Plan be in writing; however, the statute is silent as to whether a date and signature are required.[21]  Even if the statute required a date and signature, the appropriate mechanism to bring this claim would be ERISA § 502(a)(3), not ERISA § 502(c).[22]

Lastly, Plaintiff alleges that Turner violated ERISA § 502(c) and breached its fiduciary duty by: 1) failing to draft a summary description of the plan, 2) failing to identify the independent medical reviewer who recommended the denial of Plaintiff's benefit claim appeal, 3) relying on different grounds for denying the appeal of Plaintiff's benefits claim, 4) seeking to recover STD benefits from Plaintiff, and 5) improperly paying benefits not due to him.  As discussed above, Turner did not breach its fiduciary duty regarding the summary plan description. The record reflects that Turner provided the appropriate documents to Plaintiff. Plaintiff's remaining breach of fiduciary duty claims against Turner all deal with Prudential's handling of Plaintiff's claim. As Plan Administrator, Turner is a fiduciary. It is undisputed that Prudential actually performed the Plan administrative tasks. But even if Turner delegated administration of the Plan to Prudential, it cannot delegate the fiduciary duty it owed to Plaintiff.[23]  Hence, the inquiry is whether there was a breach by virtue of Prudential's actions for which Turner would be liable.

In its *Ruling* on Prudential's *Motion for Summary Judgment*, this Court concluded

---

[20] Rec. Doc. 49.
[21] ERISA §402(a)(1).
[22] *Bowers v. Sears, Roebuck & Co.*, 91 F.3d 143 at *2 (6th Cir. 1996).
[23] See *Jackson v. Truck Drivers' Union Local 42 Health and Welfare Fund*, 933 F.Supp. 1124 (D. Mass. 1996)("Although ERISA allows fiduciary to delegate a fiduciary duty, fiduciary who attempts to delegate duty to another person or entity may nonetheless be liable for breach of that duty; fiduciary can be held liable for acts or omissions of his delegate if he has knowledge of breach by such delegate, unless he makes reasonable efforts under the circumstances to remedy the breach.").
35168

that Prudential committed none of the ERISA violations Plaintiff alleged. For the same reasons, the Court finds that Turner did not breach its fiduciary duties as the Plan Administrator.

Accordingly, because Turner provided the requested plan documents within the 30 day time period required by ERISA §502(c), and ERISA § 402(a)(1) does not mandate that the Plan be dated and signed, Turner's *Motion for Summary Judgment* as to Plaintiff's ERISA §502(c) claims is granted.

### C.  Plaintiff's ERISA §510 Claim[24]

Plaintiff alleges that Turner breached ERISA §510 by attempting to collect short term disability benefits that had been paid to him by Prudential.[25]  Plaintiff cannot satisfy all of the required elements to establish a valid ERISA §510 claim.  While Turner was Plaintiff's employer, the *Statement of Undisputed Facts* provided by Prudential clearly demonstrates that Prudential made the determination regarding Plaintiff's STD benefits, and Prudential, not Turner, made the demand for Plaintiff to return the STD benefits at issue.[26]  Plaintiff provides no support for his allegation that Turner was involved in the determination regarding his STD benefits.  Furthermore, the *Statement of Undisputed Facts* provided to the Court demonstrates that Turner was not involved in the determination of Plaintiff's benefits.[27]  As outlined in *Custer v. Murphy Oil USA, Inc.*, to survive a motion for summary judgment on a §510 ERISA claim, Plaintiff must "establish that his employer fired him in retaliation for exercising an ERISA right or to prevent

---

[24] See *Ruling*, Rec. Doc. 102, pp. 6-7.
[25] Rec. Doc. 49.
[26] Rec. Doc. 86-1.
[27] *Id.*
35168

attainment of benefits which he would have become entitled under an employee benefit plan;" Plaintiff has not done so in this case.[28] There is no evidence that Turner fired or took any retaliatory employment action against Plaintiff; thus, there is no remedy available to Plaintiff under §510.  Accordingly, Turner's *Motion for Summary Judgment* as to Plaintiff's ERISA §510 is granted.

### D.  Plaintiff's ERISA §502(a)(3) Claim

For the reasons set forth in the Court's Ruling on Prudential's *Motion to Dismiss*, Turner's *Motion for Summary Judgment* as to Plaintiff's ERISA §502(a)(3) claim is granted.[29]

### E.  Plaintiff's ERISA §502(a)(1)(B) Claim

For the reasons set forth in the Court's *Ruling* on Prudential's *Motion for Summary Judgment*, Turner's *Motion for Summary Judgment* as to Plaintiff's ERISA §502(a)(1)(B) claim is granted.[30]

### F.  Plaintiff's State Law Claims

For the reasons set forth in the Court's *Ruling* on Prudential's *Motion to Dismiss*, Turner's *Motion for Summary Judgment* as to Plaintiff's state law claims is granted. [31]

## III.  CONCLUSION

For the foregoing reasons, Turner's *Motion for Summary Judgment* is GRANTED. Plaintiff's claims against Turner are dismissed with prejudice.   Having granted

---

[28] 503 F.3d 415, 423-24 (5th Cir. 1995)(quoting *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 260 (5th Cir. 2001)).
[29] See *Ruling*, Rec. Doc. 102, pp. 4-6.  To the extent that Plaintiff's complaint can be read to allege an ERISA § 502(a)(1)(B) claim, the Court also grants summary judgment in favor of Turner's *Motion for Summary Judgment* as to Plaintiff's ERISA § 502(a)(1)(B) claim.
[30] See *Ruling*, Rec. Doc. 103, pp. 10-12.
[31] See *Ruling*, Rec. Doc. 102, pp. 8-9.
35168

Prudential's motion for summary judgment, Plaintiff's *Motion for Discovery*[32] is denied as moot.  The Court also finds that the Defendants are entitled to reasonable costs and attorney's fees under 29 U.S.C. § 1132(g)(1).  Therefore, the parties shall submit to the Court within 10 days of this opinion, a joint proposed judgment consistent with the Court's findings herein.  Defendants have thirty (30) days to submit a brief regarding attorney's fees and costs.  Plaintiff shall have fourteen (14) days thereafter to file a response on the issue of attorney's fees and costs.

     *Judgment* shall be entered accordingly.

     Signed in Baton Rouge, Louisiana on <u>September 28, 2016</u>.


<u>              Shelly D. Dick             </u>
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[32] Rec. Doc. 71.
35168