**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| MICHAEL N. MANUEL | CIVIL ACTION |
| VERSUS | 14-599-SDD-RLB |
| TURNER INDUSTRIES GROUP LLC AND THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | |

**RULING**

This matter is before the Court on the *Motion for Reconsideration/New Trial*[1] filed by Plaintiff, Michael N. Manuel ("Plaintiff"). The Defendants, Turner Industries Group LLC ("Turner") and the Prudential Insurance Company of America ("Prudential") have each filed *Oppositions*[2] to this motion, to which the Plaintiff has filed a *Reply*.[3] For the following reasons, the Court finds that Plaintiff's motion should be DENIED.

**I. PROCEDURAL POSTURE**

On September 23, 2016, the Court issued a *Ruling* dismissing with prejudice Plaintiff's claims under the Employee Retirement and Income Securities Act ("ERISA") Section 502(A)(3), Section 510, and Section 502(c), breach of fiduciary duty, retaliatory action, and failure to produce plan documents respectively.[4] On September 26, 2016, the Court denied the Plaintiff's Motion to Dismiss the Defendants' counterclaim under ERISA Section 502(a)(3) and Plaintiff's Motion for Summary Judgment requesting

---
[1] Rec. Doc. 106.
[2] Rec. Docs. 116 and 123.
[3] Rec. Doc. 130.
[4] Rec. Doc. 102.
41238

dismissal of Prudential's counterclaim for mistakenly paid benefits.[5] In the September 26, 2016 *Ruling*, the Court also granted Prudential's Motion for Summary Judgment as to Plaintiff's ERISA Section 502 (a)(1)(B) and Section 502 (a)(3) claims and awarded Prudential $7,920.00 on its counterclaim along with reasonable costs and attorneys fees.[6] On September 28, 2016, the Court granted Turner's *Motion for Summary* Judgment, dismissed Turner from the case and found that Turner was entitled to reasonable costs and attorneys fees.[7] On October 26, 2016, Plaintiff filed a motion for new trial/reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), alleging the Court committed "manifest errors of fact and law [which] result in manifest injustice in its *Rulings*."[8] Prudential and Turner oppose the motion.

## II. LAW AND ANALYSIS

### A. Motion for New Trial and/or To Alter or Amend the Judgment

A Rule 59 motion to alter or amend serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the judgment."[9] A Rule 59(e) motion "calls into question the correctness of a judgment."[10] It is an extraordinary remedy that should be used sparingly.[11]

There are three grounds for altering or amending a judgment under Rule 59(e):

---

[5] Rec. Doc. 103.
[6] *Id.*
[7] Rec. Doc. 104.
[8] Rec. Doc. 45, p. 6.
[9] *Knight v. Kellogg Brown & Root Inc.*, 333 Fed. Appx. 1, 8 (5th Cir. 2009).
[10] *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir.2002).
[11] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004); *Clancy v. Employers Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D.La.2000) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed.1995)).
41238

"(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."[12] Rule 59 is not a vehicle to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction."[13]

The Court finds that Plaintiff has failed to satisfy the standards set forth above. The Plaintiff asserts new legal theories and relies on non-binding and factually distinguishable jurisprudence in support of his motion. Plaintiff's remaining arguments do not establish any clear errors of law or manifest injustice as a result of the *Rulings.*[14]

### B. Plaintiff's Section 502(a)(3) Claims

Plaintiff's motion alleges that the Court misapplied the holding of *Estate of Bratton v. National Union Fire Insurance Co.*[15] It is Plaintiff's contention that *Bratton* allows the Plaintiff to plead both an ERISA Section 502(a)(1)(B) claim and a 502(a)(3) claim.[16] Plaintiff's interpretation of *Bratton* ignores the Fifth Circuit's holding that:

> [T]he plaintiff in this purported § 502(a)(3) action is seeking only disability benefits allegedly due under the [] policy for which § 502(a)(1)(B) affords an adequate remedy. Accordingly, the plaintiff cannot use a § 502(a)(3) *Varity* action in this case to preserve the district court's judgment it is favor.

The Court determined that Plaintiff's relief was equitable in nature and that Section 502(a)(1)(B) affords an adequate remedy.[17] The Court determined that, under *Bratton*, the Plaintiff could not bring both Section 502(a)(3) and Section 502(a)(1)(B) claims

---

[12] *Williamson Pounders Architects, P.C.*, 681 F.Supp.2d 766, 767 (N.D.Miss. 2008).
[13] *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).
[14] Rec. Docs. 101, 102, and 103.
[15] 141 F.3d 604 (5th Cir. 1998).
[16] Rec. Doc. 106-1.
[17] *See* Rec. Doc. 102, p. 5.
41238

against Prudential and dismissed all of Plaintiff's Section 502(a)(3) claims against Prudential, *i.e.* Paragraphs 16-26 of Plaintiff's *Amended Complaint*.[18] Plaintiff's dissatisfaction with the Court's interpretation of *Bratton* is not a clear error of law meriting reconsideration.

Plaintiff argues "because Prudential breached its fiduciary duty in paying [Plaintiff] monies not due under the plan, Prudential should be estopped and/or enjoined from recovering those monies from [Plaintiff]."[19] Plaintiff relies on non-binding jurisprudence for this position and offers no argument why the jurisprudence relied upon by the Court in its *Ruling*[20] was clearly erroneous. Lastly, Plaintiff reargues that the Summary Plan Document ("SPD") was deficient without identifying a clear error of law or fact regarding the Court's analysis of said document. Given Plaintiff's failure to identify a change in controlling law, or an error of fact or law that has resulted in manifest injustice, Plaintiff's *Motion for Reconsideration* of the Court's ruling on his Section 502(a)(3) is DENIED.

### C. Plaintiff's Section 510 Claims

Plaintiff argues that the Court misapplied the Fifth Circuit's holding in *Bodine v. Employers Casualty Company*.[21] In *Bodine*, the Fifth Circuit held: "[t]o sustain a valid § 510 claim, an employee must show a prohibited (adverse) employer action."[22] Thus, if an employee is required to sustain a Section 510 claim, it must be brought against an employer. Prudential was not the Plaintiff's employer. Plaintiff's disagreement with the Court's interpretation of *Bodine* is not grounds for reconsideration.

---

[18] *Id.* p. 5.
[19] Rec. Doc. 106-1, p. 7.
[20] Rec. Doc. 103, pp. 5-6.
[21] 352 F.3d 245, 250 (5th Cir. 2003).
[22] *Id.*
41238

### D. Prudential's Counterclaim for Overpayment of STD Benefits under Section 510

Plaintiff reurges his position that the United States Supreme Court's decision in *Montanile v. Board of Trustees*[23] precludes Prudential from recovering overpaid benefits.[24] As the Court stated in its *Ruling*, the Plaintiff "rel[ies] on cases [including *Montanile*] that are factually distinguishable from the present case…"[25] The Court further held that cases like *Montanile* "are factually distinguishable because they involve plaintiffs receiving payments from third party sources. The present case involved no third party; the only funds that Plaintiff has received in relation to these benefits have been paid by Prudential."[26] Plaintiff does not dispute that the present case and *Montanile* are factually distinguishable; instead, Plaintiff invites the Court to reconfigure the holding of *Montanile* to the facts of the present case: "While *Montanile* addressed the situation where the beneficiary recovered funds against a third party in settlement of a third party suit, the principle that a fiduciary cannot recover against the general assets of a beneficiary, would certainly apply here."[27] Once again, Plaintiff's disagreement with the Court's interpretation of jurisprudence is not grounds for reconsideration.

The Court determined that the United States Supreme Court case *Sereboff v. Mid Atlantic Medical Services* applied to the present case because *Sereboff* involved a fiduciary who attempted to recover overpaid benefits from a participant.[28] Plaintiff now argues that *Sereboff* "can be distinguished because the plan language provided an

---

[23] 136 S.Ct. 651, 193 L.Ed.2d 556 (2016).
[24] Rec. Doc. 106-1, pp. 10-11.
[25] Rec. Doc. 103, p. 5.
[26] *Id.*
[27] Rec. Doc. 106-1, p. 11.
[28] 547 U.S. 356, 369 (2006).
41238

equitable lien by agreement when funds were received from third parties."[29] According to the Plaintiff, "the STD plan provisions at issue do not have language creating an equitable lien by agreement for funds received from a third party."[30] While it is true that Plaintiff is not seeking the recovery of a benefit paid by a third party, because there is no third party in the case, the language of the Short Term Disability ("STD") plan, which Plaintiff cites,[31] creates an equitable lien by agreement similar to the agreement in *Sereboff*.[32]

Plaintiff argues that the Court should reconsider awarding Prudential's Counterclaim because, "at the very least, Prudential must show that Mr. Manuel is still in possession of those STD benefit funds paid to him several years ago."[33] Plaintiff offers no jurisprudential support for this position. The Supreme Court in *Sereboff* rejected the plaintiff's argument that the fiduciary must be able to identify the assets which can be used to satisfy the equitable lien by agreement.[34] Plaintiff's argument essentially asks the Court to disregard the equitable lien by agreement created in the STD plan because he no longer possesses the overpaid benefits; however, the jurisprudence relied upon by the Court in its *Ruling*[35] rejected such arguments. Accordingly, Plaintiff's Motion for Reconsideration regarding Prudential's Counterclaim is DENIED.

---

[29] Rec. Doc. 106-1, p. 11.
[30] *Id.*
[31] *See Id.* note 30.
[32] 547 U.S. at 364 (2006).
[33] Rec. Doc. 106-1, p. 12.
[34] 547 U.S. at 365-66 (2006).
[35] Rec. Doc. 103.
41238

**E. Prudential's *Motion for Summary Judgment* on Plaintiff's Long Term Disability Benefits under Section 502(a)(1)(B)**

The Plaintiff argues that the Court erred in determining that the pre-existing exclusion and reimbursement/overpayment provision applied because neither provision was contained in the SPD.[36] Plaintiff cites no intervening authority[37] which would merit reconsideration. Plaintiff further fails to identify an error of fact or law made by the Court in its determination that the pre-existing condition applies to the present claims. Plaintiff's dissatisfaction with the Court's determination regarding the pre-existing condition provision of the plan is not a sufficient basis for granting a motion for reconsideration. Accordingly, Plaintiff's motion for reconsideration of the Court's grant of Prudential's Motion for Summary Judgment as to Plaintiff's Long Term Disability Claim under Section 502(a)(1)(B) is DENIED.

**F. Turner's *Motion for Summary Judgment* Dismissing Turner from the Suit**

Plaintiff asks the Court to reconsider its ruling on Turner's Motion for Summary Judgment and dismissal of Turner from the suit. Plaintiff also asks the Court to "reconsider, and at least allow Plaintiff discovery into the facts surrounding the plan documents to determine if Turner's production was complete."[38] Plaintiff fails to identify an error of fact or law regarding the Court's determination on this matter. Accordingly, the Plaintiff's motion for reconsideration on Turner's Motion for Summary Judgment Dismissing Turner from the suit is DENIED.

---

[36] Rec. Doc. 106-1, p. 13.
[37] Plaintiff relies on *Stiso v. International Steel Group*, 604 Fed. Appx. 494, 499 (6th Cir. 2015). This case from the Sixth Circuit is not binding on this Court and does not serve as intervening authority upon which a motion for reconsideration may be granted.
[38] Rec. Doc. 106-1, p. 16.
41238

### G. Plaintiff's Motion for Discovery

Plaintiff now argues that: "[w]hile [he] had assumed that the STD and LTD plans at issue were ERISA plans, it appears that Turner did not contribute to funding either benefit plan and the decision to participate may have been left up to its employees, to participate entirely at their own cost."[39] Plaintiff's new legal theory was not addressed in any of his prior pleadings. As the Fifth Circuit held in *Simon v. United States*, "[m]otions for reconsideration cannot be used to argue a cause under a new legal theory."[40] The Plaintiff's remaining theories for reconsideration rely on non-binding jurisprudence or relate to claims that the Court has dismissed. Accordingly, the Plaintiff's Motion for Reconsideration on its motion for discovery is DENIED.

### H. Abuse of Standard/Arbitrary and Capricious Standard of Review

Lastly, the Plaintiff argues that the Court "erred in applying the abuse of discretion/arbitrary and capricious standard of review to the administrator's decision."[41] Plaintiff bases this argument on an apparent discrepancy between the SPD and the Plan Documents: "the [SPD] provides that Prudential, as the 'Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility of benefits.'"[42] Plaintiff's counsel however, "does not see a similar provision in the Plan Documents [] [t]hus [Plaintiff] submits that the abuse of discretion/arbitrary and capricious standard should not apply in the present case."[43] The Court determined, after reviewing the Plan Documents, that Prudential had discretion to

---

[39] *Id.* p. 17.
[40] 891 F.2d 1154, 1159 (5th Cir. 1990).
[41] Rec. Doc. 106-1, p. 19.
[42] *Id.*
[43] *Id.*
41238

determine Plaintiff's STD benefits.[44] Relying on the United States Supreme Court case in *Metropolitan Life Insurance Company v. Glenn*,[45] the Court stated: "if the language of the plan does grant the plan administrator discretionary authority to construe the terms of the plan or determine eligibility for benefits, a plan's determination must be upheld by a court unless it is found to be an abuse of discretion."[46] Plaintiff's contention that the Plan Documents must state that Prudential had "sole discretion" to determine eligibility in order for the abuse of discretion standard to apply is contrary to United States Supreme Court precedent. Accordingly, Plaintiff's motion to reconsider the standard of review applied by the Court in it its *Rulings*[47] is DENIED.

III. **CONCLUSION**

For the above reasons, Plaintiffs' *Motion for New Trial/Reconsideration*[48] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 19, 2017.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[44] *See* Rec. Doc. 103, p. 10.
[45] 554 U.S. 105, 111 (2008).
[46] Rec. Doc. 103, p. 9.
[47] Rec. Docs. 102, 103, and 104.
[48] Rec. Doc. 106.
41238