UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISANA

MICHAEL N. MANUEL                             CIVIL ACTION

VERSUS                                             14-599-SDD-RLB

TURNER INDUSTRIES GROUP, LLC.
ET AL.

## RULING

The motion before the Court is *Bill of Costs* presented by Defendant, The Prudential Insurance Company, ("Prudential")[1] and Defendant, Turner Industries Group ("Turner"), LLC's *Memorandum in Support of Award of Attorney's Fees and Costs*.[2] Plaintiff, Michael N. Manuel ("Manuel") has filed an omnibus *Opposition*[3] to both petitions for attorneys' fees, to which both Prudential and Turner have each filed a *Reply*.[4] For the following reasons, Prudential and Turner's request for attorneys' fees is DENIED, Prudential's request for pre-judgment interest is GRANTED, and Turner and Prudential's respective requests for costs is GRANTED.

### I. Procedural Background

On September 23, 2016, the Court issued a *Ruling*[5] wherein Manuel's ERISA §§ 502(a)(3), 510, 502(c), Louisiana Revised Statute § 22:1973, and Louisiana Civil Code Article 1967 claims were dismissed with prejudice. In its *Ruling*[6] issued on September

---

[1] Rec. Doc. 109.
[2] Rec. Doc. 111.
[3] Rec. Doc. 118.
[4] Rec. Doc. 125 and 128.
[5] Rec. Doc. 102.
[6] Rec. Doc. 103.
Document Number: 41926

NT, DG

26, 2016, the Court denied Manuel's *Motion to Dismiss*, Granted Prudential's *Motion for Summary Judgment*, and denied Manuel's *Motion for Summary Judgment*. Because the Court granted Prudential's summary judgment on its counterclaim, the Court found that Prudential was entitled to judgment in its favor.[7] On September 28, 2016, the Court granted Turner's *Motion for Summary Judgment* in its *Ruling*[8] and found that Turner was also entitled to judgment in its favor.

Manuel filed a *Motion for Reconsideration*[9] on October 26, 2016, which the Court denied in its *Ruling*[10] issued on September 19, 2017. Manuel filed a *Notice of Appeal*[11] on October 16, 2017 appealing this Court's *Judgment*[12] and *Ruling*[13] on the *Motion for Reconsideration*. Although Manuel has filed an appeal, the Court still retains jurisdiction to decide the motion for attorneys' fees and costs per the Fifth Circuit's decision in *Proctor & Gamble Co. v. Amway Corp*;[14] "The district court, however, retains jurisdiction to resolve motions for sanctions and attorneys' fees while a judgment on the merits is pending on appeal. Such motions are collateral to the merits, so the appeal does not divest the district court of jurisdiction."[15]

## II. Attorneys' Fees

As the Fifth Circuit held in *Roig v. Ltd. Long Term Disability Program*, "ERISA allows courts to award 'a reasonable attorneys' fee and costs of action to either party.'"[16]

---

[7] *See Id.*
[8] Rec. Doc. 104.
[9] Rec. Doc. 106.
[10] Rec. Doc. 135.
[11] Rec. Doc. 140.
[12] Rec. Doc. 105.
[13] Rec. Doc. 135.
[14] 280 F.3d 519 (5th Cir. 2002).
[15] *Id.* at 524-25.
[16] 00-31280, 2001 WL 1267475 at *5 (5th Cir. 2001)(citations omitted).
Document Number: 41926

The Court's award of attorneys' fees and costs is purely within the discretion of the Court.[17] In exercising its discretion to award attorneys' fees the Court must consider the following five factors ("*Bowen* factors"):

> 1) the degree of the opposing parties' culpability or bad faith; 2) the ability of the opposing parties to satisfy an award of attorneys' fees; 3) whether an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances; 4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and 5) the relative merits of the parties position.[18]

The Fifth Circuit in *Iron Workers #272 v. Bowen* held that, "[n]o one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address."[19]

The Court denied Manuel's *Motion for Summary Judgment*[20] and entered *Judgment*[21] in favor of Prudential and Turner; however, the Court's denial of Manuel's motion does not axiomatically establish that Manuel's ERISA claim was brought in bad faith, or that his positions were without merit. As discussed by Prudential in its *Petition for Fees, Costs, and Prejudgment Interest*,[22] the Court determined that the jurisprudence cited by Manuel was factually distinguishable, not controlling, or "foreclosed by the Fifth Circuit's decision in *Bodine v. Employers Casualty Co.*"[23] As evidenced by the Court in

---

[17] *See Id.*
[18] *Id.* (citing *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1458 (5th Cir. 1995)(quoting *Iron Workers Local #272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980))).
[19] 624 F.2d at 1266 (5th Cir. 1980).
[20] Rec. Doc. 103.
[21] Rec. Doc. 105.
[22] Rec. Doc. 108, pp. 4-6.
[23] *Id.* at p. 5.

its *Rulings*,[24] the Court clearly disagreed with the positions taken by Manuel, however the Court does not consider Manuel's positions to be taken in bad faith or completely without merit.

Further weighing against the award of attorneys' fees is the evidence before the Court that Manuel is unable to pay the requested attorneys' fees.[25] Moreover, there is no evidence that Turner or Prudential, the parties requesting attorneys' fees, sought to benefit the beneficiaries of the ERISA plan, or to resolve a significant legal question regarding ERISA in the present case. While the Court agrees with Prudential that awarding attorneys fees' would deter other individuals from pursuing ERISA claims of questionable merit, this factor alone cannot control the Court's decision on attorneys' fees. On balance, the *Bowen* factors weigh against awarding Prudential and Turner their requested attorneys' fees. Accordingly, for the above stated reasons the requested attorneys' fees in the amount of $68,179.00 by Prudential, and $46,038.00 by Turner, is DENIED.

### III. Costs and Interest

Prudential maintains that it is entitled to prejudgment interest on the $7,290.00 which the Court ordered Manuel to repay to Prudential. Prudential relies on *Hansen v. Continental Insurance Company*,[26] a Fifth Circuit case, in support of its request for prejudgment interest. As discussed by the Fifth Circuit in *Perez v. Bruister*, "Prejudgment interest is available in ERISA cases [] [and] 'it is not awarded as a penalty, but as

---

[24] *See* Rec. Doc. 102, 103, 104.
[25] *See* Rec. Doc. 139, 139-1, 139-2.
[26] 940 F.2d 971, 983-85 (5th Cir. 1991).
Document Number: 41926

compensation for the use of funds.'"[27] Given that the Court awarded Prudential $7,290.00, the Court finds that Prudential is entitled to interest, but not at 3.5% per the Treasury yield as requested, but at the Louisiana statutory rate as instructed by the Fifth Circuit in *Perez*.[28] Accordingly, Prudential shall submit to the Court within seven (7) days of the entry of this Ruling a proposed judgment with the pre-judgment judicial interest rate as determined by Louisiana Revised Statute 13:4202(B)(1).

Prudential also requests $3.60 in post judgment interest but provides no jurisprudential support for said request. Accordingly, Prudential's request for post-judgment interest is DENIED. Lastly, Prudential requests costs in the amount of $212.40.[29] The Court is permitted to award costs in "its discretion,"[30] so long as the requesting party "has achieved 'some degree of success on the merits.'"[31] Having entered a judgment in favor of Prudential and Manuel the Court determines that both parties are entitled to costs as a matter of law. Accordingly, Prudential and Turner's motion for costs is GRANTED.

### IV. Conclusion

For the above stated reasons, Prudential and Turner's petition for attorneys' fees is DENIED.[32] Prudential's request for prejudgment interest is GRANTED subject to the proposed judgment which shall be submitted to this court within seven (7) days of the issuance of this ruling in conformity with Louisiana Revised Statute 13:4202(B)(1).

---

[27] 823 F.3d 250, 274 (5th Cir. 2016)(internal citations omitted).
[28] *Id.*
[29] Rec. Doc. 108, p. 13.
[30] *1 Lincoln Financial Co. v. Metropolitan Life Ins. Co.*, 428 Fed.Appx. 394, 395 (5th Cir. 2011)(citing 29 U.S.C. § 1132(g)).
[31] *Id.*(citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 130 S.Ct. 2149, 2158, 176 L.Ed.2d 998 (2010)).
[32] Rec. Doc. 109 and 111.
Document Number: 41926

Prudential and Turner are both entitled to costs, and the calculation of costs is hereby referred to the Clerk of Court.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on November 6, 2017

*Shelly Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISANA**