UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL N. MANUEL                                         CIVIL ACTION

VERSUS                                                          NO. 14-599-SDD-RLB

TURNER INDUSTRIES GROUP, LLC,
ET AL.

## ORDER

This matter is before the Court on the parties' briefing with respect to the scope of discovery in this action remanded by the Fifth Circuit. The plaintiff, Michael N. Manuel, has filed an opening brief and response brief. (R. Doc. 187, 190). Turner Industries Group, LLC has filed an opening brief and response brief. (R. Doc. 186, 189). Prudential Insurance Company of America has filed an opening brief and response brief. (R. Doc. 184, 188).

I.      **Factual and Procedural History**

Michael N. Manuel ("Plaintiff") filed a Complaint naming as defendants his former employer, Turner Industries Group, LLC ("Turner"), and the entity that provides short term disability ("STD") and long term disability ("LTD") policies to employees of Turner, The Prudential Insurance Company of America ("Prudential"). (R. Doc. 1, "Complaint"). Plaintiff alleges that he had to discontinue work as a supervisor of pipe fitters and welders because of a "cervical fusion and carpal tunnel release" performed by his doctor on October 22, 2012. (Complaint, ¶ 7). Plaintiff alleges that Prudential and Turner approved and paid STD benefits for the period of October 22, 2012 through January 20, 2013. (Complaint, ¶ 8). Plaintiff further alleges that he applied for and was denied LTD benefits based on a pre-existing condition exclusion that was "identical" to the one contained in the STD policy under which he was awarded benefits. (Complaint, ¶ 9). After denying his LTD benefits, Prudential demanded Plaintiff to pay back the $7,920.00 he received in STD benefits. (Complaint, ¶ 13). Plaintiff

seeks a judgment providing that the STD benefits were properly paid, and the LTD benefits are owed, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461,[1] and applicable state law.

Plaintiff further alleges that he requested a copy of the plan documents from Turner pursuant to 29 U.S.C. 1132(c) ("ERISA § 502(c)"), and was provided an alleged "plan document" that was neither dated nor signed. (Complaint, ¶ 20). Plaintiff "asserts that the plan deficiencies in the present alleged plan are such that the plan's exclusions cannot be enforced against Plaintiff" and that "he is entitled to penalties for Defendants['] failure to deliver him the formal written and signed plan document" as required by ERISA. (Complaint, ¶¶ 21-22).

Prudential filed a counterclaim stating that it is entitled to recover overpayments to Plaintiff for excess STD benefits pursuant to 29 U.S.C. § 1132(a)(3) ("ERISA § 502(a)(3)"). (R. Doc. 7 at 11-12).

Plaintiff filed an Amended Complaint. (R. Doc. 49, "Amended Complaint"). In the Amended Complaint, Plaintiff asserts claims under ERISA § 502(a)(3), alleging that the "Turner and/or Prudential breached their fiduciary duty" by failing to comply with ERISA procedures under 29 U.S.C. § 1133 by, among other things, failing to provide dated and signed plan documents, failing to provide a proper Summary Plan Description ("SPD") and other plan documents accurately reflecting the benefits provided, failing to identify the independent medical/physician review who recommended denial on administrative appeal, relying on new grounds for denial of LTD benefits at the last level of administrative appeal, and seeking recovery of STD benefits only after Plaintiff appealed the denial of LTD benefits. (Amended Complaint, ¶ 23). Plaintiff "also asserts that Prudential further violated fiduciary duties owed to the Plan and to [Plaintiff] by operating under a conflict of interest in that it was the entity that

_____

[1] This claim for benefits is brought under 29 U.S.C. § 1132(a)(1) ("ERISA § 502(a)(1)").

was charged with deciding whether benefits should be paid, and was the entity that was to pay said benefits." (Amended Complaint, ¶ 24).

Plaintiff also brings an ERISA-based "retaliation" claim alleging that "[t]o the extent that Turner as plan administrator was aware of and concurred in the actions taken by Prudential to threaten [Plaintiff], the actions of Prudential and Turner constituted a retaliatory effort to force [Plaintiff] to forego his benefit appeal rights" in violation of 29 U.S.C. § 1140 ("ERISA § 510") and state law. (Amended Complaint, ¶¶ 27-31). Plaintiff also raises additional allegations in support of his ERISA § 502(a)(1) claim, ERISA § 502(c) claim, and related state law. (Amended Complaint, ¶¶ 32-37).

Ruling on various dispositive motions, the district court dismissed Plaintiff's claims and granted Prudential summary judgment on its counterclaim. (R. Docs. 102, 103, 104).[2] The district court held that Plaintiff's ERISA § 502(a)(3) breach of fiduciary duty claims are unavailable because Plaintiff has an adequate remedy under ERISA § 502(a)(1)(B) and/or Prudential is not the plan administrator, Plaintiff's ERISA § 510 claim fails because Prudential is not Plaintiff's employer, Plaintiff's ERISA § 502(c) claim fails because Prudential is not the plan administrator, and Plaintiff's state law claims are preempted by ERISA. (R. Doc. 102).

The district court further held that there "is substantial evidence in the record to support Prudential's decision in denying LTD benefits to Plaintiff based upon the pre-existing condition [exclusion] contained in the Plan," granted Prudential summary judgment on its counterclaim for return of the STD benefits because they were "related to a medical condition that the Plaintiff was receiving medical treatment for during the pre-existing condition period contained in the

---

[2] *Manuel v. Turner Indus. Grp., LLC*, 2016 WL 5349446 (M.D. La. Sept. 23, 2016); *Manuel v. Turner Indus. Grp., LLC*, 2016 WL 5404151 (M.D. La. Sept. 26, 2016); *Manuel v. Turner Indus. Grp., LLC*, 2016 WL 5699714 (M.D. La. Sept. 28, 2016).

Plan," and awarded Prudential the amount of $7,920.00 plus interest, and reasonable costs and attorney's fees under 29 U.S.C. § 1132(g)(1). (R. Doc. 103).

Finally, the district court dismissed Plaintiff's claims against Turner at the summary judgment stage, finding that that Plaintiff's ERISA § 502(c) claim fails because Turner timely provided documents and there is no signature requirement, Plaintiff's ERISA § 510 claim fails because there was no evidence that Turner took any retaliatory employment action against Plaintiff, and Plaintiff's remaining ERISA § 502(a)(3), ERISA § 502(a)(1)(B), and state law claims fail for the same reasons that they failed against Prudential. (R. Doc. 104). In doing so, the district court denied Plaintiff's motion for discovery pursuant to Rule 56(d) as moot. (R. Doc. 104 at 8).

The district court denied Plaintiff's motion for reconsideration of the foregoing rulings. (R. Doc. 135).[3]

On appeal, the Fifth Circuit reversed and remanded certain ERISA claims. *Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859 (5th Cir. 2018). While affirming the district court's application of an "abuse of discretion" standard of review, the Fifth Circuit reversed the dismissal of Plaintiff's claim for plan benefits as to Prudential under ERISA § 502(a)(1)(B) for failure to consider Prudential's undisputed structural conflict of interest. *Id.* at 868-870. The Fifth Circuit also held that "ERISA § 510 claims may be maintained against non-employers" and, accordingly, reversed the dismissal of the ERISA § 510 for interference with protected rights brought against Prudential and remanded "for appropriate discovery and consideration of [Plaintiff's] contentions." *Id.* at 870-71. The Fifth Circuit also reversed the district court's grant

---

[3] *Manuel v. Turner Indus. Grp. LLC*, 2017 WL 4150945 (M.D. La. Sept. 19, 2017).

of summary judgment to Prudential on its counterclaim for equitable relief under ERISA §
502(a)(3), further holding that the district court must determine whether Plaintiff kept his award
of STD benefits separate from his general assts or dissipated the entire amount on nontraceable
assets, which would preclude an award. *Id*. at 873-74 (citing *Montanile v. Board of Trustees*, 577
U.S. 136 (2016)).

 With respect to Turner, the Fifth Circuit reversed the dismissal of Plaintiff's claims for
fiduciary breach under ERISA § 502(a)(3) for providing an untimely and non-compliant SPD,
specifically holding that "claims for injuries relating to SPD deficiencies are cognizable under
ERISA § 502(a)(3) and not ERISA § 502(a)(1)(B)." *Manuel*, 905 F.3d at 865-866 (citing *CIGNA
Corp. v. Amara* 563 U.S. 421, 443-44 (2011); *Singletary v. United Parcel Service, Inc*., 828 F.3d
342, 348-49 (5th Cir. 2016)). The Fifth Circuit also reversed the dismissal of Plaintiff's ERISA §
502(c) claim with respect to Turner at the summary judgment stage, finding that Plaintiff had
identified record evidence (*i.e*., plan documents in the administrative record containing a plan
amendment not included in the Turner production) supporting his contention that a penalty could
be assessed against Turner. *Manuel*, 905 F.3d at 871-872.

 The Fifth Circuit instructed the district court to consider anew any discovery requests
related to Manuel's surviving claims. *Id*. at 872-874. On the topic of Prudential's structural
conflict of interest, the Fifth Circuit specifically stated: "[h]ad the district court considered the
conflict, it might have permitted limited conflict discovery, and the court ultimately might have
concluded that Prudential abused its discretion when it concluded that Manuel had a preexisting
condition." *Id*. at 869. As to the ERISA § 510 claim for interference with protected rights
brought against Prudential, the Fifth Circuit required "appropriate" discovery that allows for
"consideration of [Plaintiff's] contentions." *Id.* at 871.

After remand, Plaintiff served his First Set of Interrogatories and First Request for Production of Documents on Prudential (R. Docs. 187-1, 187-2). Prudential provided responses. (R. Doc. 187-3, 187-4). Plaintiff also served his First Set of Interrogatories and First Request for Production of Documents on Turner. (R. Docs. 187-5, 187-6). Turner provided responses. (R. Doc. 187-7). Finally, Plaintiff served draft Rule 30(b)(6) depositions notices on Prudential (R. Doc. 187-8) and Turner (R. Doc. 187-9).

The Court has issued a protective order, agreed upon by the parties, governing the exchange of confidential information. (R. Doc. 161).

After Prudential and Turner provided their written discovery responses, but prior to any Rule 30(b)(6) depositions, the parties participated in a settlement conference with the Court but were unable to reach an agreement. (R. Doc. 170).

The Court then ordered the parties to submit a proposed scheduling order, including a proposed briefing schedule on the issue of discovery. (R. Doc. 174). In the briefing schedule, the Court instructed the parties to address any deposition notices and Rule 30(b)(6) topics, as well as any other formal discovery that has been served and whether it was subject to objections. (R. Doc. 177; *see* R. Doc. 182). The parties submitted the required briefing and the applicable discovery requests and responses. (R. Docs. 184, 185, 186, 187, 188, 189, 190). In addition, Turner has supplemented its responses to Plaintiff's written discovery requests. (R. Doc. 190-1). No Rule 30(b)(6) depositions have taken place.

Plaintiff seeks an order requiring Turner and Prudential to fully respond to all written discovery requests, to produce any remaining documents, and to submit to Rule 30(b)(6) depositions. (R. Doc. 187). Plaintiff represents that while Prudential has produced certain documents, it has argued that discovery beyond the administrative record is not allowed and has withheld documents on the basis of its employee's privacy concerns. (R. Doc. 187 at 3-5).

Plaintiff also represents that while Turner had initially agreed to produce certain documents, its supplemental responses raise new objections and responses to certain discovery requests. (R. Doc. 187 at 5; R. Doc. 190 at 10-11).

Prudential argues that with respect to the claims brought against it, Plaintiff is only entitled to the limited written discovery responses already provided and Prudential should not be subject to a Rule 30(b)(6) deposition. (R. Doc. 184). Prudential argues that any additional discovery outside of the administrative record and what it has agreed to provide is irrelevant, disproportional to the needs of the case, and exceeds the limited scope of discovery ordered by the Fifth Circuit on remand. (R. Doc. 188 at 3-13). Prudential further asserts that it should not be subject to discovery on the remanded claims brought against Turner. (R. Doc. 188 at 13-14).

Turner concedes that the limitations on discovery generally imposed on ERISA § 502(a)(1)(B) claims do not apply to the remaining ERISA § 502(a)(3) and ERISA § 502(c) against it, which are limited only by the requirements of Rule 26. (R. Doc. 186; R. Doc. 189 at 1-2). Turner argues that to the extent Plaintiff is seeking an order compelling discovery, the relief sought is premature and the parties should first have the opportunity to attempt to resolve their issues in good faith in a meaningful discovery conference as required by Rule 37. (R. Doc. 189 at 2-6). Turner argues that its supplemental responses should moot certain issues raised by Plaintiff, further representing that following a reasonable search it "has produced all relevant materials it has been able to locate responsive to the Requests." (R. Doc. 189 at 3). Finally, Turner argues that although it has no general opposition to submitting to its Rule 30(b)(6) deposition, the parties have not discussed the specific topics raised in the deposition notice. (R. Doc. 189 at 3-4).

## II.    Law and Analysis

### A.    General Legal Standards Governing Discovery in ERISA Actions

ERISA provides federal courts with jurisdiction to review benefits determinations made by fiduciaries or plan administrators. *See* 29 U.S.C. § 1132(a)(1)(B). When considering a claim for benefits, the fiduciary or plan administrator has "the obligation to identify the evidence in the administrative record and the claimant must be afforded a reasonable opportunity to contest whether the record is complete." *Estate of Bratton v. National Union Fire Ins. Co. of Pittsburgh, PA*, 215 F.3d 516, 521 (5th Cir. 2000). A plaintiff can request that additional evidence be added to the administrative record prior to the fiduciary or plan administrator's consideration of that record. *Id.* "Thus, the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." *Id.*

The Fifth Circuit has held that, with respect to claims under ERISA § 502(a)(1)(B), evidence is inadmissible "to resolve the merits of the coverage determination—i.e. whether coverage should have been afforded under the plan—unless the evidence is in the administrative record, relates to how the administrator has interpreted the plan in the past, or would assist the court in understanding medical terms and procedures." *Crosby v. Louisiana Health Service and Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011) (citing *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299-300 (5th Cir. 1999) (en banc), *overruled on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), *as recognized by LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835 (5th Cir. 2013)). Accordingly, a claimant in an ERISA § 502(a)(1)(B) action is "not entitled to a second chance to produce evidence demonstrating that coverage should be afforded." *Crosby*, 647 F.3d at 263.

However, the Fifth Circuit also held that evidence is admissible "to resolve other questions that may be raised in an ERISA action" under ERISA § 502(a)(1)(B) including (1) whether the administrative record submitted is complete, (2) whether the plan administrator complied with ERISA's procedural regulations, and (3) whether and to what extent there may be a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan. *Id*. The Fifth Circuit found that the plaintiff sought to discovery evidence on these three issues identified above. The Fifth Circuit also cautioned district courts to "monitor discovery closely" and "guard against abusive discovery" in ERISA § 502(a)(1)(B) actions. *Id*. at 264.

Furthermore, district courts have held that discovery regarding fiduciary duty claims under ERISA § 502(a)(3) should not be limited to the administrate record and should, instead, be governed by the general scope of discovery provided by Rule 26(b). *See, e.g.*, *Lauga v. Applied Cleveland Holdings, Inc*., No. 16-14022, 2017 WL 3867543, at *2 (E.D. La. Mar. 30, 2017) (holding discovery should be allowed in § 502(a)(3) action); *Malbrough v. Kanawha Ins. Co*., 943 F. Supp. 2d 684, 700 (W.D. La. 2013) ("Because this court has found that this case involves claims for relief under ERISA § 1132(a)(3), and that § 1132(a)(3) does not have the same stringent discovery limits as ERISA § 1132(a)(1)(B) cases, the court orders that the parties proceed with discovery."); *Coffey v. Hartford Life & Accident Ins. Co*., 318 F.R.D. 320, 323 (W.D. Va. 2017) ("[A] breach of fiduciary duty claim that . . . concerns materials and events outside of the administrative review process should not be subject to the same discovery constraints as a typical denial of benefits claim.") (citing *Marlbrough*, 943 F. Supp. 2d 692-93)); *Milby v. Liberty Life Assurance Co. of Boston*, No. 13-487, 2016 WL 4599919, at *5 (W.D. Ky. Sept. 2, 2016) ("[T]his Court finds that discovery is permissible in this case due to the existence of a breach of fiduciary duty claim pursuant to § 1132(a)(3)."); *Moran v. Life Ins. Co. of N.A.*

*Misericordia U.,* No. 13-765, 2014 WL 4251604, at *9 (M.D. Pa. Aug. 27, 2014) (holding that discovery on breach of fiduciary duty claim was warranted and listing numerous cases in support).

Rule 26(b)(1) provides the following: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). In addition, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

**B.    Scope of this Discovery Order**

The Fifth Circuit ordered the district court "to consider appropriate and related discovery requests anew" to the extent a claim remains on remand. *Manuel*, 905 at 872-73.

While Plaintiff largely frames his briefing as a "motion to compel," there is no motion pending before the Court and the brief is not accompanied by a Rule 37(a)(1) certificate.[4] The

---

[4] "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

purpose of the instant order is generally to define the scope of discovery with respect to the claims and defenses remanded by the Fifth Circuit. In determining the scope of discovery, including whether and to what extent additional discovery is warranted, the Court will consider the written discovery and responses already served.

After the issuance of the instant Order, the parties must review their discovery requests and responses to determine whether they are consistent with the instant Order. The parties shall then supplement their discovery requests and responses appropriately. To the extent this Order and any supplemental discovery requests and responses do not resolve a particular dispute, the appropriate party may move for an order compelling discovery under Rule 37 or a protective order under Rule 26, following the required good faith conference under, respectively, Rule 37(a)(1) or Rule 26(c)(1).

**C.      Plaintiff's ERISA § 502(a)(1)(B) Claim for Benefits against Prudential**

**1.      Prudential's Structural Conflict of Interest**

There is no dispute that "Prudential has a structural conflict—it has a fiduciary obligation to participants as claims administrator but also suffers a direct financial loss whenever claims are paid." *Manuel*, 905 F.3d at 869 (citing *Metropolitan Life v. Glenn*, 554 U.S. 105, 108 (2008)). In *Glenn*, the Supreme Court concluded that "a reviewing court should consider [a structural] conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that the significance of the factor will depend upon the circumstances of the particular case." 554 U.S. at 108. In remanding Plaintiff's ERISA § 502(a)(1)(B) claim for benefits, the Fifth Circuit stated that had the district court properly considered the impact of Prudential's conflict on its claims decision, and given the conflict the appropriate weight, "it might have permitted limited conflict discovery" and "ultimately might have concluded that

Prudential abused its discretion when it concluded that [Plaintiff] had a preexisting condition." *Manuel*, 905 F.3d at 869 (citing *Crosby*, 647 F.3d at 263 n.6).

Given the foregoing, Plaintiff seeks discovery of "the specific facts and internal controls at Prudential," as well as "past claims history" and "steps taken to insulate decision makers and ensure accuracy in deciding claims," to allow the district court to determine the extent of Prudential's conflict of interest. (R. Doc. 187 at 9). More specifically, Plaintiff seeks discovery into, among other things, "(1) the identities of the reviewers and the administrative appeal reviewers, and of the medical personnel involved (including any physicians), (2) the compensation of these individuals and whether their compensation is in any way linked to the outcome of benefit claims, (3) any steps taken to insulate those individuals who make the benefit determinations, (4) any controls or procedures instituted to ensure accuracy of decision making, and (5) past claims history and how Prudential has interpreted the applicable plan provisions in the past." (R. Doc. 187 at 10).

Prudential represents that it "has produced information that (1) identifies the individuals who participated in each and every review and claims handling decision; (2) describes the way that these individuals are compensated and how their compensation is not related to the outcome of benefit claims; (3) describes how Prudential addresses [its] structural conflict of interest to eliminate its effect on claims handling and how it reduces bias; (4) identifies the contracts between it and Turner; and (5) identifies the records that address its claims handling of Plaintiff's claims." (R. Doc. 188 at 5-6). Prudential also represents that it "has produced documents that include: (1) all of the documents that Prudential received, generated, and considered in connection with Plaintiff's STD and LTD claims, as well as its decision to recoup the improperly paid STD benefits; (2) its relevant policies and procedures regarding claims handling and compensation; (3) the relevant certificate of insurance and contract with Turner; (4) Prudential's

12

general compensation structures for the relevant employees who evaluated Plaintiff's claims; and (5) the CVs of reviews that Prudential possesses, has custody over, or controls." (R. Doc. 188 at 6).[5] Prudential argues, however, that compensation and performance evaluations of specific individual claims handlers, its decision making in other cases, and any issue with the content or drafting of the applicable plan documents do not fall within the scope of discovery. (R. Doc. 188 at 6-8).

The Court rejects Prudential's argument that performance evaluations and compensation of individual claims personnel who reviewed Plaintiff's claim fall outside the scope of discovery. Prudential argues that this information is not relevant because it "has provided a sworn statement that claim outcomes do not affect the compensation or evaluation of claims personnel, and has provided its claims handling practices and procedures, and other extra-record documents." (R. Doc. 188 at 6 n.1). Plaintiff need not rely solely on Prudential's assertions – the underlying information sought falls within the scope of discovery because it is relevant to the extent of the structural conflict of interest. *See Crosby*, 647 F.3d at 263.

Prudential also argues that "cases from within the Fifth Circuit make clear that in the context of this case" discovery of specific information pertaining to individual claims handlers is unnecessary to evaluate whether Prudential's structural conflict of interest played any role in its decision making because Prudential has produced company-wide pay information and confirmation under oath that pay is not related to claim outcomes. (R. Doc. 188 at 6-7).[6] On the contrary, district courts within the Fifth Circuit have specifically allowed such discovery,

---

[5] While the Court issues no specific ruling on the sufficiency of Prudential's responses, the Court finds that there is no dispute that these categories of information identified by Prudential fall within the scope of discovery.

[6] The single case that Prudential relies upon for this proposition did not involve a claim for benefits under ERISA, and specifically recognized that individual salary and performance information "is sometimes compelled in ERISA cases by courts in this circuit" in light of the information's "relevance to the insurer's conflict of interest in both administering and insuring the plan." *See Adoue v. Paul Revere Life Ins. Co.*, No. 19-10500, 2020 WL 4816054, at *3 (E.D. La. Aug. 19, 2020).

13

provided that personal information is redacted. *See Wittmann v. Unum Life Ins. Co. of Am.*, No. 17-9501, 2018 WL 1912163, at *3 (E.D. La. Apr. 23, 2018) ("[D]efendant must provide compensation information for those attorneys and physicians, if any, who advised defendant on the administration of plaintiff's claim and must identify the individual(s) with the most comprehensive knowledge of that compensation information."); *Parish v. Aetna Life Ins. Co.*, No. 12-2315, 2013 WL 3974534, at *4 (E.D. La. Aug. 2, 2013) ("The Court also finds that with regard to the performance evaluations, only those related to those employees who reviewed plaintiff's claim are discoverable. . . . Any personal information should be redacted from the evaluations."); *but see Parish v. Aetna Life Ins. Co*., No. 12-2315, 2013 WL 3974534, at *4 (E.D. La. Aug. 2, 2013) ("[W]ith regard to any information sought regarding the compensation scheme, bonus structures and other pay incentives, the Court orders production only of company-wide policies and not of individual compensation records."). The Court finds it appropriate to allow Plaintiff to engage in limited discovery with respect to the performance evaluations and compensation of the individuals involved in his claim and appeal. This information can be produced in a confidential manner, subject to the protective order in place, without subjecting Prudential to any significant burden.

While the Court finds that general procedures regarding Prudential's protections against conflicts of interests and procedures regarding the proper handling/processing of claims and compliance with ERISA regulations fall within the scope of discovery, the Court will not require Prudential to produce statistical information regarding its prior claims decisions, including decisions to seek reimbursement of claims allegedly mistakenly paid, or prior interpretation of plan terms and history of such claims handling. "[W]hile evidence of systemic bias in an ERISA insurer's prior claims decisions is relevant to whether that insurer's benefits denials were arbitrary or capricious, pure statistical evidence concerning prior claims may not be probative

and the collection of relevant information is a significant burden on the defendant." *See Wittman*, 2018 WL1912163, at *4. A structural conflict of interest "should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and promote accuracy." *Truitt v. Unum Life Ins. Co. of Am.*, 729 F.3d 497, 59 (5th Cir. 2013). Given the record, the Court finds that discovery into Prudential's past claims handling is disproportionate to the needs of the case.[7]

### 2.    Procedural Irregularities

Plaintiff has asserted that "Prudential is liable under ERISA § 502(a)(3) because it (1) asserted new grounds for denial of his LTD benefits at the last level of appeal and (2) failed to identify the independent medical reviewer who recommended denying Manuel's claim on appeal." *Manuel*, 905 at 867. In affirming the district court's decision to dismiss Plaintiff's ERISA § 502(a)(3) claim as duplicative of Plaintiff's ERISA § 502(a)(1)(B) claim, the Fifth Circuit held that "under existing law, plaintiffs may attack problematic administrative claims procedures under ERISA § 502(a)(1)(B)." *Manuel*, 905 at 867.

In opposing discovery on the alleged procedural irregularities, Prudential asserts that Plaintiff "has never identified a procedural irregularly," Plaintiff has only asserted vague claims, and, as a factual matter, there are no procedural irregularities. (R. Doc. 188 at 9-10).

While Prudential may ultimately prevail on its defenses, the Fifth Circuit has remanded Plaintiff's claims of procedural irregularities to be considered under ERISA § 502(a)(1)(B). Plaintiff is entitled to discovery outside of the administrative record regarding alleged lack of compliance with ERISA's procedural regulations. *See Crosby*, 647 F.3d at 263; *see Manuel*, 905

---

[7] While Prudential need not produce information with respect to its prior attempts to recoup allegedly mistakenly paid benefits, Plaintiff may discovery, to the extent such information has not been produced, the procedures that Prudential has put in place to recoup allegedly mistakenly paid benefits.

at 867 n. 4 ("Like his claim for alleged deficiencies in the SPD, Manuel seeks redress for an

injury—failing to comply with the procedural requirements of ERISA § 503—that appears

unrelated to the terms of the plan. While the plan itself might permit the assertion of new

grounds for denial of claims at the last level of appeal or the nondisclosure of medical experts,

ERISA might require different, more participant friendly, procedures."). Plaintiff is not required

to prove the merits of her procedural defect claim to obtain discovery on it. *See Katherine P. v.*

*Humana Health Plan of Texas, Inc.*, 114 F. Supp. 3d 432, 434 (W.D. Tex. 2015). Accordingly,

Plaintiff may seek discovey on the alleged procedural irregularities.

### D. Plaintiff's ERISA § 510 Claim for Interference with Protected Rights against Prudential

The Fifth Circuit reversed the district court's dismissal of Plaintiff's ERISA § 510 claim

for interference with protected rights brought against Prudential, and remanded the claim "for

appropriate discovery and consideration of [Plaintiff's] contentions." *Manuel*, 905 F.3d at 870-

71.

There is no dispute that Plaintiff alleges that the timing of Prudential's demand for

reimbursement of the allegedly mistakenly paid STD benefits, after the termination of the LTD

administrative proceeding, was designed to dissuade Plaintiff from taking an appeal and to

interfere with his appeal rights in violation of ERISA § 510. (*See* R. Doc. 185-4 at 3-4)

(Plaintiff's answer to contention interrogatory with respect to his ERISA § 510 claim).

Prudential also does not dispute that the Fifth Circuit remanded Plaintiff's ERISA § 510

claim for additional discovery, and concedes that an ERISA § 510 claim is not subject to the

specific limitations on discovery emplaced on an ERISA § 502(a)(1)(B) claim. (*See* R. Doc. 184

at 2). Nevertheless, Prudential argues that Plaintiff should not be allowed any additional

discovery because on his ERISA § 510 claim because (1) Plaintiff did not face any adverse

employment action, (2) all of the evidence related to Prudential's claims handling is in the

16

administrative record, (3) deposition testimony related to Prudential's decision-making would simply parrot the documents already produced,[8] and (4) allowing Plaintiff additional discovery would provide him discovery to which he would not be entitled to under an ERISA § 502(a)(1)(B) claim. (R. Doc. 184 at 2-3, 9-11).

Plaintiff may seek relevant information outside of the administrative record pertaining to his ERISA § 510 claim. *See Colley v. Sandia Nat'l Lab'ys Long Term Disability Plan*, No. 99-994, 2000 WL 36739580, at *2 (D.N.M. Sept. 28, 2000) ("It is common for discovery to be undertaken in section 510 cases in order to prove a defendant's unlawful action.") (citing cases). Here, the Fifth Circuit specifically ruled that "ERISA § 510 claims may be maintained against non-employers" given the plain language of the statute, including the use of the defined term "person" (as opposed to the defined term "employer") in ERISA § 510. *See Manuel*, 905 F.3d at 870-71; *see* 29 U.S.C. 1140 ("It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ."). Accordingly, Prudential's reading that ERISA § 510 requires an "adverse employment action" by a non-employer is contrary to the plain language of the statute and the Fifth Circuit's ruling.

Furthermore, the Court rejects Prudential's argument that Plaintiff's ERISA § 510 claim is really an ERISA § 502(a)(1)(B) claim in disguise, and, therefore, discovery on the claim should be limited to the administrative record. (R. Doc. 184 at 8-11). Again, the Fifth Circuit has allowed Plaintiff to proceed on his ERISA § 510 claim. At most, Plaintiff's discovery on his ERISA § 510 claim is related to his discovery on the issues of Prudential's conflict of interest

---

[8] The Court discusses the availability of Rule 30(b)(6) depositions on the remand claims below.

and alleged procedural irregularities, both of which merit discovery outside of the administrative record as discussed above. Accordingly, discovery with respect to Plaintiff's ERISA § 510 claim is limited only by Rule 26.

E.    **Plaintiff's ERISA § 502(a)(3) Claim for Fiduciary Breach and ERISA § 502(c) Claim for Civil Penalties against Turner**

The Fifth Circuit reversed the dismissal of Plaintiff's claims for fiduciary breach under ERISA § 502(a)(3) against Turner as the plan administrator for providing an untimely and non-compliant SPD, but affirmed the dismissal of similar claims against Prudential because there was no dispute that Prudential is not the plan administrator. *Manuel*, 905 F.3d at 865-866. The Fifth Circuit also reversed the dismissal of Plaintiff's ERISA § 502(c) claim with respect to Turner at the summary judgment stage, finding that Plaintiff had identified record evidence (*i.e.*, plan documents in the administrative record containing a plan amendment not included in the Turner production) supporting his contention that a penalty could be assessed against Turner. *Id*. at 871-872. In so holding, the Fifth Circuit stated that "[t]he existence of the amendment in the Prudential administrative record creates a material question of fact as to whether that amendment had been properly executed and has, accordingly, become a component of the plan." *Id*. at 872.

Plaintiff seeks discovery from both Turner and Prudential, limited only by Rule 26(b), with respect to his fiduciary breach claim and claim for civil penalties for failure to produce plan documents. (R. Doc. 187 at 13-15). Turner has no objections to discovery on these claims under Rule 26(b), but argues that any specific discovery disputes should be addressed after the parties hold an appropriate discovery conference. (R. Docs. 186, 189). Prudential argues, however, that it should not be subject to discovery on the fiduciary breach claims brought against Turner because it is not the plan administrator, and any differences that Plaintiff has identified between the documents produced by Turner and Prudential has no bearing on the key operative terms concerning pre-existing conditions. (R. Doc. 188 at 13-15). In contrast, Plaintiff argues that it

18

may seek discovery from Prudential on its claims against Turner to the extent that Prudential has knowledge as to the drafting of the plan documents. (R. Doc. 190 at 9-10).

The Court agrees with Plaintiff that discovery on the foregoing claims with respect to both Prudential and Turner is appropriate under Rule 26(b). In remanding the breach of fiduciary duty claim, the Fifth Circuit took no position on the defendants' arguments "that Manuel did not prove additional facts necessary to support the kind of equitable relief requested (*e.g.*, detrimental reliance) and that none of ERISA's documentary requirements were actually violated," and ordered discovery to proceed on remand. *Manuel*, 905 F.3d at 866, 877. The Court finds no basis for limiting discovery with respect to Prudential simply because the only fiduciary breach claim that survives is against Turner. The Court will allow Plaintiff to seek relevant and proportional discovery from both Prudential and Turner on the remaining ERISA § 502(a)(3) and ERISA § 502(c) claims brought against Turner. This includes discovery regarding who drafted the plan, including the SPD at issue, who drafted and approved amendments to the plan, and who was responsible for keeping a current copy of the complete plan documents.

### F.    Prudential's ERISA § 502(a)(3) Counterclaim for Repayment of STD Benefits

Finally, the Fifth Circuit reversed the district court's grant of summary judgment to Prudential on its counterclaim for equitable relief under ERISA § 502(a)(3), stating that the district court must determine whether Plaintiff kept his award of STD benefits separate from his general assts or dissipated the entire amount on nontraceable assets, which would preclude an award. *Id*. at 873-74 (citing *Montanile v. Board of Trustees*, 577 U.S. 136 (2016)).

The parties do not present any specific arguments regarding the scope of any additional discovery, if any, on this remanded counterclaim. Accordingly, the parties may engage in appropriate discovery on this issue, to the extent necessary, under Rule 26(b).

### G.    Rule 30(b)(6) Depositions

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization." *Id.* "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006).

In remanding this action for discovery on the remaining claims, the Fifth Circuit did not place any limitations on potential depositions, including Rule 30(b)(6) depositions of the parties. Turner does not dispute that its Rule 30(b)(6) deposition may proceed.

In objecting to its own Rule 30(b)(6) deposition, Prudential argues that "no deposition is necessary here, because Prudential's written discovery responses provide Plaintiff with the information he needs to address any role Prudential's structural conflict played with respect to its claims handling." (R. Doc. 184 at 7-8). Prudential further argues that the information sought is not only outside of the scope of what is permitted in ERISA claims for benefits, but it is "more easily and efficiently furnished through written discovery" because the claims are six to eight years old and a corporate representative would only parrot the information in the claims record. (R. Doc. 188 at 10-12).

The sole decision relied upon by Prudential in support of these propositions denied a discovery deposition regarding the completeness of the administrative record because the plaintiff could obtain the information needed through written discovery. *Couvillion v. Reddy Ice*

*Corp.*, No. 12-204, 2013 WL 3725153, at *5-6 (M.D. La. July 12, 2013) (denying individual deposition of financial services representative where written discovery was sufficient to determine whether the administrative record was complete). Here, the Court has found that Plaintiff is entitled to seek discovery on Prudential's structural conflict of interest, alleged procedural irregularities, alleged interference with protected rights, as well as on the breach of fiduciary duty and civil penalty claims brought against Turner. Accordingly, unlike in *Couvillon*, the scope of discovery in this action on remand is not limited to determining the completeness of the administrative record, much less to a claim for benefits under ERISA § 502(a)(1)(B).

Based on the foregoing, the Court will not place any general limitation on Rule 30(b)(6) depositions of the defendants. Of course, the court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous. *See*, *e.g.*, *Comeaux v. Elevating Boats, LLC*, No. 10-0133, 2010 WL 4366417, at *3 (E.D. La. Oct. 20, 2010) (quashing deposition notice where the plaintiff failed to particularize the topics of discussion in Rule 30(b)(6) deposition notice); *In re Katrina Canal Breaches Consolidates Litigation*, No. 05-4182, 2008 WL 4833023 (E.D. La. July 2, 2008) (granting motion for protective order to the extent topics listed in a 30(b)(6) notice were overly broad, vague and ambiguous); *Padana Assicurazioni–Societa Azioni v. M/V Caribbean Exp.*, No. 97-3855, 1999 WL 30966 (E.D. La. Jan. 21, 1999) (denying motion to compel Rule 30(b)(6) deposition where the notice was insufficiently particularized).

As with its written discovery requests, Plaintiff is to consider the scope of this Order prior to the service of final deposition notices. The appropriate parties must confer in good faith with respect to the deposition topics prior to the filing of any motions to be under Rule 37 or Rule 26(c) with respect to the noticed depositions.

**III.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the parties are to continue with discovery as allowed by this

Order. The parties shall complete all discovery, including the filing of any applicable motions,

on or before **July 6, 2021**. At the close of discovery, the parties shall contact the undersigned for

the issuance of additional deadlines in this action including the filing of dispositive motions.

Signed in Baton Rouge, Louisiana, on March 29, 2021.

                **RICHARD L. BOURGEOIS, JR.**
                **UNITED STATES MAGISTRATE JUDGE**