# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF LOUISIANA

**MICHAEL N. MANUEL**           **\* Civil Action No. 3:14-cv-00599-SDD-RLB**

**VERSUS**                        **\* District Judge Shelly Dick**

**TURNER INDUSTRIES GROUP, LLC**  **\*  Magistrate Judge Richard L. Bourgeois, Jr. and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

## PLAINTIFF MICHAEL MANUEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS THROUGH THE DATE OF REMAND BY THE FIFTH CIRCUIT COURT OF APPEALS

Plaintiff Michael N. Manuel, pursuant to 29 U.S.C. §1132(g)(1), respectfully submits this Motion Seeking an Award of Attorneys' Fees and Costs through the date of remand by the United States Court of Appeals for the Fifth Circuit.  As in many ERISA actions where the prevailing Plaintiff obtains remand, Manuel's success on appeal warrants an award of fees and costs for the reasons set forth below.[1]

### 1.  INTRODUCTION

Pursuant to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §1132(g), a Court may award attorneys' fees and costs to either party in an ERISA case, provided that the party requesting fees and costs has achieved "some degree of success on the merits."[2] On October 10, 2018, the Fifth Circuit reversed and remanded the district court's dismissal of Mr. Manuel's claims for fiduciary breach and failure to provide documents as to Defendant Turner, and Mr. Manuel's claim for plan benefits and discrimination as to

---

[1]      By this Motion, Plaintiff asks that this Honorable Court find an award of fees and costs to be appropriate, deferring submission of supporting documentation of amounts until such time as the Court has an opportunity to rule on Plaintiff's motion.

[2]      *Hardt v. Reliance Standard Life Insurance Co.*, 130 S. Ct. 2149, 2152 (2010).

1

Defendant Prudential.[3] The decision of this Honorable Court with respect to the claim of

fiduciary breach under Section 1132(a)(3) found support in a long line of decisions suggesting

the inability of ERISA benefit claimants to assert parallel claims for breach of fiduciary duty.[4]

On appeal, the Fifth Circuit held for the first time in this Circuit that Plaintiff's claim under

Section 1132(a)(3) permits Plaintiff here to pursue such relief despite the simultaneous

assertion of a straight benefit claim under Section 1132(a)(1)(b). As more fully explained

below, the Fifth Circuit's ruling on these claims is not merely procedural and it affects

substantial issues and certain claims in their totality. Accordingly, Mr. Manuel has shown some

degree of success on the merits and should be awarded attorneys' fees.

2. **THE COURT SHOULD AWARD MR. MANUEL REASONABLE ATTORNEYS' FEES**

a. **Mr. Manuel has achieved some degree of success on the merits and the circumstances favor an award of attorney's fees and costs.**

Once it is determined that a party has achieved success on the merits, that party is

eligible to be awarded fees under ERISA Section 502(g), 29 U.S.C. §1132(g).[5] In addressing a

request for attorney's fees, the Fifth Circuit has stated that a district court has discretion to

grant an award of fees.[6] To assist the court in making this determination, Mr. Manuel must

show that he achieved some success on the merits.[7] The favorable result must be more than

---

[3]   Fifth Circuit decision dated October 10, 2018. The Fifth Circuit further instructed the district court to "consider anew any discovery requests related to Manuel's surviving claims."

[4]   *Id.* at 21-22.

[5]   *Lifecare Mgmt. Servs. v. Insurance Mgmt. Adm'rs*, 703 F.3d 835, 846-7 (5th Cir. 2013).

[6]   *Id.* at 846.

[7]   *Id.*

2

a "trivial success" or "a purely procedural victory,"[8] and Mr. Manuel satisfies this requirement

"if the court can fairly call the outcome of the litigation some success on the merits without

conducting a lengthy inquir[y] into the question whether a particular party's success was

'substantial' or occurred on a 'central issue.'"[9]

      The Fifth Circuit's decision directly effects the survival of specific claims brought by

Mr. Manuel, namely, his claims for fiduciary breach and failure to provide documents as to

Defendant Turner, and his claim for plan benefits and discrimination as to Defendant

Prudential. As to fiduciary breach, the Court stated:

> As Manuel correctly points out, if some or all of his ERISA § 502(a)(3) claims can be
> dismissed only with respect to Prudential because Turner and not Prudential is the plan
> administrator, the same justification cannot be used to dispose of those same claims as
> they were made against Turner. The district court tacitly acknowledged this in response
> to Manuel's motion for reconsideration/new trial, noting that it "dismissed *all* of
> [Manuel's ERISA §] 502(a)(3) claims against Prudential" because they were duplicative
> of his ERISA § 502(a)(1)(B) claim for plan benefits.[10]

> Further, the Fifth Circuit acknowledged that:

> Manuel cannot maintain an action for fiduciary breach under ERISA § 502(a)(3) where
> the alleged "injury creates a cause of action under [ERISA § 502(a)(1)(B)]." **But claims
> for injuries relating to SPD deficiencies are cognizable under ERISA § 502(a)(3)
> and not ERISA § 502(a)(1)(B).**[11]

      Regarding Mr. Manuel's claim for penalties against Turner under ERISA § 502(c) for

failure to produce requested documents, the Fifth Circuit held that the district court "ignored

one of Manuel's arguments" since his allegations were not solely limited to the fact that the

---

[8]    *Gross v. Sun Life Assurance Co*., 763 F.3d 73, 76 (1st Cir. 2014).

[9]    *Id.* citing *Hardt v. Reliance Standard Life Ins. Co*., 560 U.S. 242, 130 S. Ct. 2149, 2158, 176 L. Ed. 2d 998 (2010) [internal citations omitted].

[10]    Fifth Circuit Decision at 5.

[11]    Fifth Circuit Decision at 7 [emphasis added].

documents were undated and unsigned. The Fifth Circuit acknowledged that Mr. Manuel instead focuses on the fact that the documents produced by Turner are somewhat different from the copies provided, in the administrative record, by Prudential, and that record evidence supports that the plan documents in the administrative record contain a plan amendment not included in the Turner production. The Fifth Circuit held that:

> The existence of the amendment in the Prudential administrative record creates a material question of fact as to whether that amendment has been properly executed and has, accordingly, become a component of the plan… While the district court may ultimately exercise discretion as to whether and to what extent a penalty *should* be assessed, that inquiry is distinct from the question of whether Turner violated a term of ERISA for which a penalty *could* be assessed. The district court wrongly concluded, as a matter of law, that Manuel did not have a claim under which a penalty could be assessed.[12]

The above determinations concern substantial and central issues to this litigation. In obtaining reversal and remand, Mr. Manuel achieved success on the merits as to the pursuit of these claims. Furthermore, should the court consider the *Bowen* factors, such factors favor an award of fees and costs to Mr. Manuel.

**b. The *Bowen* Factors favor an award of fees and costs to Mr. Manuel.**

While the Court is not required to apply the Fifth Circuit's five *Bowen* factors in addressing a request for attorney's fees in an ERISA case, the Court in its discretion may apply them.[13] Should the Court choose to consider the *Bowen* factors, Mr. Manuel is eligible and should be awarded attorney's fees. The five-factor *Bowen* test requires the Court to weigh the following considerations: (1) The degree of the opposing parties' culpability or bad

---

[12]    *Id.* at 18.

[13]    *Lifecare Mgmt. Servs.*, 703 F.3d at 847; see also *Lincoln Fin. Co. v. Metro. Life Ins. Co.*, 428 F. App'x 394, 396 (5th Cir. 2011) ("A district court may consider the five factors, but Hardt does not mandate consideration.")

faith; (2) The ability of the opposing parties to satisfy an award of attorneys' fees; (3) Whether an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances; (4) Whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) The relative merits of the parties' position.[14]

While a defendant's conduct may not rise to the level of "bad faith", the degree of the defendant's culpable conduct is sufficient for an award of attorney's fees.[15] Bad faith normally connotes an ulterior motive or sinister purpose, while culpable conduct does not involve malice or a guilty purpose.[16] The Defendants' culpability in this case is palpable. Prudential's procedural handling of its refund claim, raised for the first time in its second level appeal decision, without notice to Mr. Manuel that the issue had even been raised, denied Mr. Manuel any opportunity to defend against Prudential's contention. Guided solely by its own self-interest, Prudential simply disposed of the second level of appeal by denying Mr. Manuel's claim for long term disability benefits, adding that Mr. Manuel's short term disability benefits may have been paid in error, and advising that Prudential was reviewing the information to determine if it should request a refund of all monies paid previously under the short term disability coverage that Mr. Manuel had purchased entirely on his own.[17] Turner is similarly

---

[14]     *LifeCare Mgmt. Servs.*, 703 F.3d at 847; *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1458 (5th Cir. 1995) (citing *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, l266 (5th Cir. 1980)).

[15]     *Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1345 (11th Cir. 2001).

[16]     *Hoover v. Bank of Am. Corp.*, No. 8:02-cv-478-T-23TBM, 2005 U.S. Dist. LEXIS 45643, at *5 (M.D. Fla. Mar. 16, 2005) [internal citations omitted].

[17]     See Doc. 33, June 25, 2014 letter from Prudential to Perry R. Staub, counsel for Mr. Manuel. Pacer Doc. 33, PRU 077212-000637-000552.

culpable for failure to provide the requested plan documents. Both Prudential and Turner are large companies – the Prudential Insurance Company of America is a subsidiary of Prudential Financial, Inc., an American Fortune Global 500 and Fortune 500 company – and thus are financially able to satisfy an award of attorneys' fees. Such an award would deter other ERISA plan fiduciaries from: (1) shirking their document production responsibilities to plan participants, (2) inappropriately seeking reimbursement of benefits payments already paid to plan participants, and (3) avoiding them selectively reviewing the record to reach a result that favors the insurer at the expense of the participant. The award would ultimately discourage ERISA plan fiduciaries from failing to provide participants with full-and-fair review.

While Mr. Manuel's request for attorneys' fees seeks to benefit all participants and beneficiaries of an ERISA plan by deterring the above conduct, the case also resolves significant legal questions regarding ERISA itself. The Fifth Circuit expressly found, *inter alia*, that ERISA § 510 claims may be maintained against non-employers, and that, pursuant to ERISA § 502(c), while the district court may ultimately exercise discretion as to whether and to what extent a penalty should be assessed, that inquiry is distinct from the question of whether a fiduciary violated a term of ERISA for which a penalty could be assessed. Such significant findings favor Mr. Manuel's pursuit of an award for attorneys' fees and costs.

Under Hardt,[18] an order of remand is sufficient grounds alone to award attorneys' fees and costs. A remand order is a judicial finding that the fiduciary did not follow the law. As the Supreme Court stated:

> Specifically, Reliance contends that a court order remanding an ERISA claim for further consideration can never constitute "some success on the merits," even if such a remand results in an award of benefits…

---

[18]    *Hardt v. Reliance Standard Life Ins. Co*., 130 S. Ct. 2149 (2010).

Reliance's argument missed the point, given the facts of this case, Hardt persuaded the District Court to find that the plan administrator has failed to comply with the ERISA guidelines" and "that Ms. Hardt did not get the kind of review to which she was entitled under applicable law."[19]

Mr. Manuel did not get the kind of review to which he was entitled under applicable law.

Based on the above, in finding that Mr. Manuel had some degree of success on the merits and

in consideration of the applicable factors, an award of attorneys' fees and costs to Mr. Manuel

is appropriate and warranted in this instance.

**3. CONCLUSION**

WHEREFORE, Plaintiff Michael Manuel respectfully requests that this Honorable

Court award him attorney's fees, costs, and prejudgment interest.

Respectfully submitted,

**TAGGART MORTON L.L.C.**

_____s/Perry R. Staub, Jr._____
PERRY R. STAUB, JR. (La. #12414)
JANET DALY MCGREW (La. #01321)
1100 Poydras Street, Suite 2100
New Orleans, Louisiana 70163-2100
Tel: (504) 599-8500; Fax: (504) 599-8501
pstaub@taggartmorton.com
jmcgrew@taggartmorton.com

**Attorneys for Michael N. Manuel**

---

[19]      *Id*. at 2158; see also Merigan v. Liberty Life Assur. Co. of Boston, 839 F.Supp.2d 445, 447 (D. Mass. 2012) (awarding attorney's fees and costs in an ERISA benefits denial returned to the insurance company for consideration again).

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on August 5, 2022, a copy of the foregoing Motion was filed electronically with the Clerk of Court using the CM/ECF System.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*s/Perry R. Staub, Jr.*
