**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MICHAEL N. MANUEL

VERSUS

TURNER INDUSTRIES GROUP, LLC

CIVIL ACTION

14-599-SDD-RLB

**RULING**

Before the Court is the *Motion for Summary Judgment*[1] filed by Defendant Turner Industries Group, LLC ("Turner"). An *Opposition*[2] was filed by Plaintiff Michael N. Manuel ("Manuel"), to which Turner filed a *Reply*[3] and Manuel filed a *Sur-reply*.[4] Also before the Court is the *Motion for Partial Summary Judgment*[5] filed by Manuel, to which Turner filed an *Opposition*[6] and Manuel filed a *Reply*.[7] For the following reasons, Turner's *Motion for Summary Judgment* is granted in part and denied in part, and Manuel's *Motion for Partial Summary Judgment* is granted.

**I.    BACKGROUND**

This case is on remand from the Fifth Circuit[8] and involves claims brought under the federal Employee Retirement Income Security Act ("ERISA").[9] A brief review of the facts is warranted. Manuel sustained injuries in an automobile accident on April 13, 2011.[10] Medical records from October and November 2011 show that he sought treatment for those injuries and that he was "unable to perform his duties at work as he was required

---

[1] Rec. Doc. 215.
[2] Rec. Doc. 225.
[3] Rec. Doc. 231.
[4] Rec. Doc. 236.
[5] Rec. Doc. 216.
[6] Rec. Doc. 224.
[7] Rec. Doc. 230.
[8] *Manuel v. Turner Industries Group, LLC*, 905 F.3d 859 (5th Cir. 2018).
[9] Codified principally at 29 U.S.C. §§ 1001–1461 (2000).
[10] Rec. Doc. 33-1, p. 348.

to climb."[11]

Manuel began working for Turner in December 2011 as a supervisor.[12] He enrolled in Turner's short-term and long-term disability plans and paid for that coverage through payroll deductions.[13] Both plans contained a provision excluding coverage of pre-existing conditions ("The Lookback Provision").[14] The Lookback Provision provided: "Your plan does not cover a disability which begins within 12 months of the date your coverage under the plan becomes effective and is due to a pre-existing condition."[15] The Plan documents were accompanied by a Summary Plan Description ("SPD") that did not contain the Lookback Provision.[16] The Plan documents and SPD were drafted by the Prudential Insurance Company of America ("Prudential"), a former litigant in this case.[17]

On October 22, 2012—within the "lookback" period—Manuel underwent surgery involving a cervical disk fusion and a carpal tunnel release.[18] According to his doctor, this surgery contributed to a 20% disability rating.[19] Thereafter, Manuel applied for short-term disability benefits, which Prudential approved and paid through January 2013.[20] When Manuel later applied for long-term disability benefits, Prudential denied his request based on the Lookback Provision.[21] Prudential also determined that the short-term disability benefits had been paid in error and demanded repayment in full.[22]

---

[11] *Id.*, pp. 322, 351.
[12] Rec. Doc. 236-1, p. 1.
[13] *Id.*
[14] Rec. Doc. 33, pp. 41, 56.
[15] *Id.*, p. 41 (cleaned up).
[16] *See* Rec. Doc. 33-1, pp. 56-62.
[17] Rec. Doc. 219-1, p. 2.
[18] Rec. Doc. 33-1, p. 488.
[19] *Id.*, p. 64.
[20] *Id.*, p. 455
[21] *Id.*, p. 460.
[22] *Id.*, p. 448.

Around this time, Manuel demanded a copy of the full Plan document pursuant to ERISA § 502(c). Turner provided Manuel with a copy of the SPD and Plan document (the controlling group contract) within 30 days of the request.[23] Manuel noticed certain discrepancies between the Plan document produced by Turner and another version produced by Prudential.[24]

After an unsuccessful administrative appeal, Manuel sought relief from this Court. As relevant here, he brought two claims alleging that (1) Turner failed to provide an adequate SPD in violation of ERISA § 502(a)(3), and (2) Turner failed to provide the full Plan document in violation of ERISA § 502(c).[25] This Court dismissed both claims, finding that Manuel could not recover under Section 502(a)(3) for a deficient SPD and that Manuel had received all the documents to which he was entitled in conformity with Section 502(c).[26]

The Fifth Circuit reversed and remanded as to both claims.[27] The Fifth Circuit held that a deficient SPD could form the basis for a breach of fiduciary duty claim against Turner under Section 502(a)(3) and remanded for the Court to address the merits of that claim.[28] The Fifth Circuit remanded Manuel's 502(c) claim for the Court to address Manuel's argument "that the plan documents in the administrative record contain a plan amendment not included in the Turner production."[29] Finally, the Fifth Circuit instructed this Court "to consider anew any discovery requests related to Manuel's surviving

---

[23] *Id.*, p. 154.
[24] *See Manuel*, 905 F.3d at 871.
[25] Rec. Doc. 49, ¶¶ 20, 33.
[26] *Manuel v. Turner Industries Group, LLC*, No. 14-599, 2016 WL 5699714, at *3 (M.D. La. Sept. 28, 2016).
[27] *Manuel*, 905 F.3d at 866, 872.
[28] *Id.* at 866.
[29] *Id.* at 871.

claims."[30]

Discovery is now complete, and the parties' summary judgment motions are ripe for adjudication. Turner seeks summary judgment against Manuel on both remaining claims. Manuel moves for partial summary judgment only as to the 502(a)(3) claim.

## II.    LAW AND ANALYSIS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[31]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[32]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[33]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[34]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[35]

"A genuine issue of material fact exists, 'if the evidence is such that a reasonable

---

[30] *Id.* at 874.
[31] Fed. R. Civ. P. 56(a).
[32] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[33] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[34] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[35] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

jury could return a verdict for the nonmoving party.'"[36]  All reasonable factual inferences are drawn in favor of the nonmoving party.[37]  However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[38]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint."[39]

1. Manuel's 502(a)(3) Claim

   A. Manuel's Partial Motion for Summary Judgment

Manuel moves for Partial Summary Judgment on his 502(a)(3) claim. He asks this Court to rule that the SPD was deficient as matter of law and that Turner is responsible to Manuel for that deficiency.

Section 502(a)(3) allows a plan beneficiary to seek "appropriate equitable relief" to redress any act or practice which violates the terms of the plan.[40] In *CIGNA Corp. v. Amara*, the Supreme Court held that an employee injured by a deficient SPD could seek equitable relief under Section 502(a)(3).[41] The Fifth Circuit reiterated this principle on appeal:

> [W]here an SPD conflicts with the terms of the plan document, the terms of the plan document control for purposes of ERISA § 502(a)(1)(B). This makes sense because ERISA § 502(a)(1)(B) provides only for the recovery

---

[36] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[37] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[38] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[39] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (citation omitted) (internal quotation marks omitted) (cleaned up).
[40] 29 U.S.C. § 1132(a)(3).
[41] *CIGNA Corp. v. Amara*, 563 U.S. 421, 444 (2011).

of benefits due "under the terms of a plan." But SPDs are still important because they are often the primary source of information for participants trying to understand their benefits. And when SPDs contain misrepresentations or material omissions, participants like Manuel can end up relying on the existence of benefits that the plan itself does not provide.[42]

Manuel contends that the SPD was inadequate as a matter of law because it failed to include the Lookback Provision in violation of 29 U.S.C. § 1022(b). Turner responds that the SPD was adequate because it included all of the necessary information listed in 29 C.F.R. §§ 2520.1022-3. Alternatively, Turner argues that Prudential, as the drafter of the SPD, is exclusively liable for deficiencies therein.

First, the Court concludes that the SPD was deficient as a matter of law. It is beyond dispute that Turner did not include the Lookback Provision in the SPD. Under 29 U.S.C. § 1022(b), an SPD must provide the beneficiary with any "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits." Certainly, the Lookback Provision could have led—and did lead—to "denial or loss of benefits" and, therefore, it should have been included in the SPD.[43] Turner does not dispute this analysis but merely posits that the SPD included all of the necessary information listed in 29 C.F.R. §§ 2520.1022-3, implying that compliance with those regulations somehow negates non-compliance with Section 1022(b) (a statutory provision). Such an argument has no legal support, and Turner provides none.

Next, the Court concludes that Turner is liable for the SPD's deficiencies. Although Turner points the finger at Prudential, arguing that Prudential, as the drafter of the SPD, is solely responsible for its deficiencies, the Fifth Circuit has pointed its (much larger) finger at Turner. On appeal, the Fifth Circuit affirmed this Court's dismissal of Manuel's

---

[42] *Manuel*, 905 F.3d at 865 (citations omitted).
[43] *See* § 1022(b).

SPD claims against Prudential, writing: "The district court correctly concluded that a non-administrator has no duty to provide an SPD and is generally not liable for deficiencies."[44] The law of the case controls here. Turner, as the Plan administrator, is legally responsible for the deficiencies in the SPD.[45]

Having found that the SPD was deficient as matter of law and that Turner is responsible to Manuel for that deficiency, the Court grants Manuel's *Partial Motion for Summary Judgment*.

B. Turner's Motion for Summary Judgment

Turner moves for summary judgment on the remaining issue of damages, i.e. surcharge, regarding Manuel's 502(a)(3) claim. According to Turner, Manuel has failed to show that he was harmed by the SPD's exclusion of the Lookback Provision.

Manuel seeks the equitable remedy of surcharge, an award of monetary compensation and "make-whole relief" that traditionally extends "to a breach of trust committed by a fiduciary encompassing any violation of a duty imposed upon that fiduciary."[46] The Supreme Court has held that surcharge is an appropriate form of equitable relief to redress 502(a)(3) violations.[47] To obtain relief by surcharge, a plaintiff must prove both actual harm and causation.[48] "While a showing of detrimental reliance is not necessary, actual harm must have resulted from the breach."[49]

Manuel argues that he was harmed by the missing Lookback Provision because, had he known about that provision, he would have waited to pursue surgery until the

---

[44] *Manuel*, 905 F.3d at 866.
[45] *See id.*
[46] *Amara*, 563 U.S. at 442.
[47] *Id.*
[48] *Id.* at 444.
[49] *Chavez v. Sumner,* No. CV H-10-0313, 2012 WL 13059711, at *5 (S.D. Tex. June 12, 2012) (citing *Amara*, 563 U.S. at 444).

exclusion no longer applied. He attests by affidavit: "At the time of these surgeries, I realized that I would at least avail myself of the Short-Term Disability policy to recover from the surgeries."[50] He attests that his surgery was elective and could have been postponed.[51]

Turner argues that "Plaintiff's self-serving statement—that he would have elected to ignore his medical condition and forego treatment—disregards his medical history and declining condition. . . ."[52] Turner contends that Manuel struggled to perform his work duties after his automobile accident in April 2011.[53] Turner points out that Manuel was put on "light duty" in October 2011 and "was no longer able to perform his duties at work" in November 2011.[54]

Notably, however, Manuel was not employed by Turner until December 2011.[55] The Court strains to see the relevancy of Manuel's work performance before his employment at Turner and some ten months before his surgery. Manuel attests that, during the roughly ten-month period leading up to his surgery, he was fully able to perform his supervisory duties at Turner.[56] Turner does not point to evidence suggesting otherwise. In sum, the Court finds that it is factually disputable whether Manuel's surgery

---

[50] Rec. Doc. 236-1, p. 2.
[51] *Id.*
[52] Rec. Doc. 224, p. 20.
[53] Rec. Doc. 33-1, p. 348.
[54] *Id.*, pp. 332, 351.
[55] Rec. Doc. 236-1, p. 1.
[56] Rec. Doc. 236-1, p. 2. Generally, courts may not consider evidence that is not part of the administrative record in resolving factual controversies related to the merits of ERISA claims. *Vega v. Nat. Life Insurance Services, Inc.*, 188 F.3d 287 (5th Cir. 1999). However, this case involves a request for equitable relief under Section 502(a)(3) and, thus, consideration of evidence outside the administrative record is warranted. *See Colaco v. ASIC Advantage Simplified Pension Plan,* 301 F.R.D. 431, 434–35 & n. 27 (N.D. Cal. 2014) (allowing discovery beyond administrative record in connection with § 502(a)(3) claim); *Jensen v. Solvay Chemicals, Inc.,* 520 F.Supp.2d 1349, 1355 (D. Wyo. 2007) ("Case law does not constrain discovery under ERISA § 502(a)(3) actions."). Indeed, the Fifth Circuit expressly allowed additional discovery in this case. *Manuel*, 905 F.3d at 866, 872.

could have been postponed.

Turner argues that Manuel had "no reason to believe surgery would result in a disabling condition in the first place."[57] In dispute, Manuel attests that, although he could not predict the exact outcome of the surgery, he anticipated using disability benefits to recover and convalesce from his surgery—a serious procedure involving a cervical disc fusion and carpal tunnel release.[58] Although Turner points out that this statement is self-serving, the Court cannot consider issues of credibility at the summary judgment stage and self-interested affidavits "may not be discounted just because they happen to be self-interested."[59] In sum, there is sufficient summary judgment evidence to support Manuel's assertion that had he known about the Lookback Provision, he would have waited to pursue surgery until the exclusion no longer applied.

Last, Turner argues that, even if Manuel had delayed surgery, there is no evidence that Prudential, as the claims administrator, would have ultimately approved payment of benefits. According to Turner, "it is unknown whether Prudential would have denied payment of benefits on another basis," and "[t]his pure speculation and absence of fact precludes a finding of summary judgment in favor of Plaintiff."[60]

This argument is unpersuasive because Turner initially paid short term disability benefits to Manuel following his surgery.[61] Only later did Turner demand repayment of those benefits and deny long-term benefits based solely on the Lookback Provision.[62] Notably, the Plan documents provide the same definition of disability for both short and

---

[57] Rec. Doc. 231, p. 10.
[58] *Id.*
[59] *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160-61 (5th Cir. 2021).
[60] Rec. Doc. 224, p. 21.
[61] Rec. Doc. 33-1, p. 515.
[62] *Id.*, pp. 449, 460.

long-term disability coverage.[63] Thus, there remains a question of fact whether Manuel's long-term disability benefits—like his short-term benefits—would have been approved, but for the Lookback provision.

In sum, the Court finds as a matter of law that the SPD was deficient, and that Turner is legally responsible for that deficiency. The matters of equitable relief, actual harm, and damages are reserved for trial.

2. Manuel's 502(c)(1) Claim

Turner moves for summary judgment as to Manuel's 502(c)(1) claim. Under ERISA § 502(c)(1), an employee may seek up to $100 a day in penalties for a plan administrator's failure to provide plan information within 30 days of request.[64] Turner argues that it has fully and completely responded to Manuel's document requests by providing Plan documents, including the SPD, group insurance certificate, and group insurance contract, well within the 30-day deadline. Manuel responds that Turner's documents were incomplete and inconsistent with a version of the Plan provided by Prudential. According to Manuel, the Turner version did not include "amendments" or "riders" that were present in the Prudential version. On appeal, the Fifth Circuit recognized that the Turner version was possibly incomplete:

> The existence of the amendment in the Prudential administrative record creates a material question of fact as to whether that amendment has been properly executed and has, accordingly, become a component of the plan. If the amendment is valid, it is part of the plan, and should have been produced by Turner. If Turner did not produce the entire plan document, the district court has "discretion" to assess a penalty.[65]

Additional discovery on this issue is complete, and the Court finds that it is

---

[63] *Compare* Rec. Doc. 33, p. 37 *with* Rec. Doc. 33, p. 47.
[64] ERISA § 502(c)(1), 29 U.S.C.A. § 1132(c)(1).
[65] *Manuel*, 905 F.3d at 872.

indisputable that Turner produced the entire plan document, including the properly executed amendments at issue. As Turner points out, the "amendments" or "riders" in the Prudential version are dated 2004 and 2005,[66] and the program date for the Turner plan is 2007.[67] The two versions appear different because the Turner version—the later record—formatted the proposed amendments from the Prudential version directly into the main body of its text.[68] Formatting aside, the versions are substantively the same. It is beyond dispute that the Turner version contains all of the amendments from the Prudential version, word for word, in their enacted form.[69] Because there is no genuine issue of material fact as to whether Turner produced the entire plan document, including the amendments at issue, Turner is entitled to summary judgement on the 502(c) claim.

---

[66] Rec. Doc. 33, pp. 16-22.
[67] Rec. Doc. 57-5, p. 17.
[68] *Compare* Rec. Doc. 33 (Prudential version) *with* Rec. Doc. 57-5 (Turner Version). For easy reference, *compare* Rec. Doc. 231-1 (Prudential version with proposed amendments highlighted) *with* Rec. Doc. 231-2 (Turner version with enacted amendments highlighted).
[69] *See supra*, note 68.

## III. CONCLUSION

For the reasons set forth above, Turner's *Motion for Summary Judgment*[70] is GRANTED in part and DENIED in part, and Manuel's 502(c) claim is hereby DISMISSED WITH PREJUDICE. Manuel's *Motion for Partial Summary Judgment*[71] is hereby GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, this day, February 13, 2023.

*Shelly D. Dick*
_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[70] Rec. Doc. 215.
[71] Rec. Doc. 216.