**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MICHAEL N. MANUEL**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 14-599-SDD-RLB**

**TURNER INDUSTRIES GROUP, LLC,**
**ET AL.**

**<u>ORDER</u>**

Before the Court is Turner Industries Group, LLC's Motion to Reopen Limited Discovery filed on July 27, 2023. (R. Doc. 248). The motion is opposed. (R. Doc. 264).

Before the Court is Plaintiff's Motion to Reopen Limited Discovery for the Purpose of Disclosing Experts filed on July 31, 2023. (R. Doc. 253). The motion is opposed. (R. Doc. 265).

**I.    Background**

Michael N. Manuel ("Plaintiff") filed a Complaint naming as defendants his former employer, Turner Industries Group, LLC ("Turner"), and the entity that provides short term disability ("STD") and long term disability ("LTD") policies to employees of Turner, The Prudential Insurance Company of America ("Prudential"). (R. Doc. 1). Plaintiff seeks a judgment providing that the STD benefits were properly paid, and the LTD benefits are owed, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and applicable state law. Prudential filed an Answer and Counterclaim, which asserted it was entitled to recover overpayments to Plaintiff for excess STD benefits. (R. Doc. 7). Plaintiff filed an Amended Complaint raising additional claims. (R. Doc. 49).

On May 12, 2015, the Court issued a Scheduling Order setting all deadlines with respect to discovery, including a non-expert discovery deadline of December 11, 2015, an expert

1

discovery deadline of April 14, 2016, and a dispositive motion deadline of May 13, 2016. (R. Doc. 26).

Between September 23-28, 2016, the district judge ruled on various dispositive motions, dismissing Plaintiff's claims in their entirety and granting Prudential summary judgment on its counterclaim. (R. Docs. 102, 103, 104; *see* R. Doc. 135).

On appeal, the Fifth Circuit reversed and remanded certain ERISA claims, also reversing the grant of summary judgment to Prudential on its counterclaim. *Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859 (5th Cir. 2018). The Fifth Circuit instructed the district court to consider anew any discovery requests related to Plaintiff's surviving claims. *Id.* at 872-874.

On August 26, 2019, the undersigned held a telephone status conference with the parties, in which the parties represented that certain written discovery had been requested, and that "the parties will be in a better place to discuss specific concerns regarding the scope of discovery and narrow the issues that may require court resolution" after the exchange of the foregoing written discovery. (R. Doc. 160).

On January 14, 2020, the undersigned held a settlement conference with the parties, but they were unable to reach an agreement. (R. Doc. 170).

On July 23, 2020, the parties submitted a joint status report. (R. Doc. 175). The Court then set deadlines for memoranda regarding the scope of discovery. (R. Doc. 177). Based on the parties' filings, the Court issued an order describing the scope of discovery allowed, stating that all discovery and any applicable motions must be filed by July 6, 2021, and that the parties were to contact the undersigned for the issuance of additional deadlines in this action including the filing of dispositive motions. (R. Doc. 191).

Plaintiff sought extensions of the foregoing discovery deadline three times. (*See* R. Docs. 195, 197, 199). The Court granted the first two motions, but denied the third motion for lack of

good cause. (R. Docs. 196, 198, 200). The final deadline to complete non-expert discovery was set for December 27, 2021. (R. Doc. 198).

On February 16, 2022, the Court ordered the parties to file a joint status report advising of the status of the case. (R. Doc. 201; *see* R. Doc. 205). The parties disputed whether any additional discovery, including expert discovery, was merited. (*See* R. Docs. 207, 210).

On April 11, 2022, Plaintiff filed a Notice of Settlement with respect to Prudential. (R. Doc. 206). The district judge dismissed all claims against Prudential with prejudice, without prejudice to reopen if the settlement was not consummated. (R. Doc. 211).

On June 2, 2022, the undersigned held a scheduling conference with counsel. (R. Doc. 212). At the conference, the parties informed the undersigned that certain issues were ripe for resolution, with Plaintiff's counsel representing that Plaintiff may seek to disclose an expert limited to economic damages. The undersigned set a dispositive motion deadline of August 5, 2022, specifically informing the parties that "no determination has been made as to whether experts would be appropriate or allowed." (R. Doc. 212 at 1).

On August 5, 2022, Plaintiff filed a partial Motion for Summary Judgment (R. Doc. 216) and Turner filed a Motion for Summary Judgment (R. Doc. 215).

On August 24, 2022, Plaintiff and Prudential filed a Joint Stipulation of Dismissal. (R. Doc. 222).

On February 15, 2023, the district judge ruled on the pending Motions for Summary Judgment, dismissing with prejudice Plaintiff's claim under ERISA § 502(c), and ruling that the Summary Plan Description was deficient as a matter of law under ERISA § 502(a)(3), that Turner is liable for the deficiencies, and that the issue of "equitable relief, actual harm, and damages" would be determined at trial. (R. Doc. 237). The district judge set a bench trial on the remaining claim to take place on August 24, 2023. (R. Docs. 239, 246).

On July 25, 2023, the undersigned held a second settlement conference on the remaining claims, but the parties were unable to reach an agreement. (R. Doc. 247).

The instant motions to reopen discovery followed (R. Docs. 248, 253), and were set for expedited consideration (R. Docs. 251, 252). Turner's motion seeks to reopen discovery for the purposes of obtaining Plaintiff's settlement agreement with Prudential. (*See* R. Doc. 248). Plaintiff's motion seeks to reopen discovery for the purposes of identifying two experts, Plaintiff's treating physician and an undisclosed economist to value lost social security benefits. (*See* R. Doc. 253).

## II.    Law and Analysis

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

### A.    Plaintiff's Motion to Reopen (R. Doc. 253)

As discussed above, expert discovery closed on this action on April 14, 2016 and has never been re-opened after remand of the action for further proceedings by the Fifth Circuit. The undersigned informed the parties on June 2, 2022 that in setting dispositive motion deadlines,

"no determination has been made as to whether experts would be appropriate or allowed." (R. Doc. 212 at 1). While Plaintiff did inform the Court that he would potentially seek to disclose an expert economist, Plaintiff did not file a motion to re-open expert discovery until the instant motion, which was filed just one month prior to trial. Plaintiff does not explain this delay.

The trial in this action is set to commence on August 24, 2023. There is no time for Plaintiff to disclose a testifying expert who must provide an expert report. A party is required under Rule 26(a)(2) to disclose its expert witnesses and provide a written report if the expert is one retained or specially employed to provide expert testimony. These disclosures must be made in accordance with the court's scheduling order or, absent a scheduling order, "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). Plaintiff did not seek to disclose his experts prior to the deadline set by the Scheduling Order or within 90 days before the trial date. Furthermore, the case cannot be ready for trial if the Court were to allow Plaintiff to now disclose an expert economist who must provide a written report under Rule 26(a)(2)(B). The parties have already submitted their proposed pretrial order (R. Doc. 258) and proposed findings of fact (R. Docs. 260, 261), Turner has filed a motion in limine (R. Doc. 259), and the parties have held a pretrial conference with the district judge confirming that trial will commence on August 24, 2023 (R. Doc. 266).

Allowing Plaintiff to disclose an expert economist at this time will prejudice Turner and require a continuance of the trial date. A party has 30 days after another party's disclosure to submit a rebuttal report that is intended solely to contradict or rebut evidence on the same subject matter identified by another party. Fed. R. Civ. P. 26(a)(2)(D)(ii); *see Hardy v. New Jersey Manufacturers Ins. Co.*, No. 22-153-SDD-RLB, 2023 WL 2507583, at *3 (M.D. La. Mar. 14, 2023) (party has 30 days to provide a rebuttal report under Rule 26(a)(2)(D)(ii) where the Court's Scheduling Order does not include a specific expert rebuttal report deadline). A

continuance of the trial date is unavailable given that this action was commenced in 2014, re-commenced after remand from the Fifth Circuit in 2018, and was then delayed, in part, in light of various discovery extensions provided to the parties and failed attempts at settlement.

In sum, the importance of the requested untimely disclosure of an expert economist is outweighed by the foregoing failure to explain the delay in seeking disclosure, the prejudice to Turner, and the unavailability of a continuance to cure that prejudice.

The Court will, however, provide Plaintiff with the opportunity to disclose his treating physician, Dr. Clark A. Gunderson, as an expert for the purposes of Rule 26(a)(2)(C). An expert who does not provide a written report (such as a treating physician) must timely disclose "(i) the subject matter on which the witness is expected to present evidence under the Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The Court acknowledges that without an extension, Plaintiff's disclosure of this treating physician is untimely, and, therefore, subject to exclusion. *See Talbot v. Elec. Ins. Co.*, No. 17-299-SDD-EWD, 2018 WL 6257110, at *4 (M.D. La. Nov. 29, 2018) (limiting treating physician's testimony at trial to "fact witness testimony" where he was not timely disclosed as an expert under Rule 26(a)(2)(B) or Rule 26(a)(2)(C)). That said, Turner has submitted into the record a copy of Plaintiff's initial disclosures signed on June 5, 2019, which indicate that Plaintiff disclosed Dr. Gunderson as a potential witness (with information on "medical treatment and disability") for the purposes of Rule 26(a)(1). (R. Doc. 263-3 at 1). This initial disclosure also identifies Dr. Gunderson as having possession, custody, or control of Plaintiff's medical records and as having served as his treating physician. (*See* R. Doc. 263-3 at 5-7).

Accordingly, there can be no dispute that Turner was aware that Dr. Gunderson was Plaintiff's treating physician with respect to his underlying injuries. There is little or no prejudice

to Turner with respect to this late disclosure. Under these circumstances, the Court finds good cause to allow Plaintiff to disclose, on an expedited basis, Dr. Gunderson as an expert under Rule 26(a)(2)(C) by providing the specific subject matter on which Dr. Gunderson is expected to present evidence, and a summary of the facts and opinions to which he is expected to testify.[1] While it does not appear to be necessary, to minimize any prejudice to Turner, the Court will provide Turner the opportunity to depose Dr. Gunderson (if no such deposition has occurred) and identify any rebuttal expert with respect to Dr. Gunderson.

For the foregoing reasons, the Court will grant in part, and deny in part, Plaintiff's Motion to Reopen (R. Doc. 253).

**B.      Turner's Motion to Reopen (R. Doc. 248)**

Turner does not fully explain why it filed a motion to reopen discovery to obtain the settlement agreement between Plaintiff and Prudential with less than one month prior to trial. The Court acknowledges that it does not appear that the settlement was finalized prior to the close of discovery on July 6, 2021. But Turner knew that Plaintiff and Prudential had reached a settlement in principle no later than April 11, 2022 (*see* R. Doc. 206), and that the settlement was executed on or before August 24, 2022 (*see* R. Doc. 222).

Turner could have been more diligent in seeking a copy of the settlement agreement. Turner represents that after the district judge's February 15, 2023 ruling, it had requested a copy of Plaintiff's settlement agreement with Prudential several times, but Plaintiff would "presumably" not provide it because it is designated as confidential. (R. Doc. 248 at 2). Turner does not explain, however, why it did not immediately file a motion to reopen discovery to seek this document after the ruling rather than wait until less than a month prior to trial.

---

[1] This ruling does not reach any conclusion with respect to the admission into evidence of any medical records from Dr. Gunderson that have not been produced in discovery.

Again, the trial in this action is set to commence on August 24, 2023. While Turner is only seeking a single settlement agreement, re-opening discovery would not resolve the parties' discovery disputes pertaining to the proposed Rule 34 discovery request. Indeed, Plaintiff has already suggested in opposition to this motion that discovery should be denied because "Turner cites absolutely no authority for the proposition that a party to a litigation is entitled to receive a copy of the settlement document with another party despite a confidentiality clause." (R. Doc. 264 at 1-2). While the instant motion simply seeks to "reopen" discovery for the purposes of seeking the settlement agreement, motion practice with respect to this requested discovery may require a continuance of the trial date.

That said, the issue of recoverable damages is squarely before the district judge in the bench trial. Turner states that without disclosure of the settlement agreement, it is "unable to determine what amounts are to be deducted from Plaintiff's 'make whole' claim for relief and will be severely prejudiced." (R. Doc. 248 at 3). Furthermore, Turner has filed a motion in limine seeking, in part, the exclusion of "any evidence that [Plaintiff] is entitled to recover Long Term Disability (LTD) benefits considering he received payment from Prudential and refuses to disclose the amount received." (R. Doc. 259-1 at 11). In turn, Plaintiff argues that if the Court allows discovery of the settlement agreement, "and further finds that Turner is entitled to a credit for the full amount of the settlement with Prudential, it follows that this Court should take the total amount of damages and attorney's fees incurred by [Plaintiff] in pursuing claims against Prudential and against Turner, allow Turner a credit for the settlement with Prudential, and *then* find Turner liable for the entire remaining amount." (R. Doc. 264 at 6).

Given the record, the undersigned finds it appropriate to order Plaintiff to produce the settlement agreement at issue to the trial judge for *in camera* review. If the trial judge determines that an offset or credit is merited in light of the evidence produced at trial, then the trial judge can

determine whether, and to what extent, the production (or consideration) of the settlement agreement is appropriate. Requiring Plaintiff to produce the settlement for *in camera* review prior to the commencement of the bench trial will contribute to an efficient trial and avoid the parties' concerns, at this time, with respect to any confidentiality clause in the settlement agreement.

For the foregoing reasons, the Court will grant in part, and deny in part, Turner's Motion to Reopen (R. Doc. 253).

III.    **Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Reopen (R. Doc. 253) is **GRANTED IN PART and DENIED IN PART.** Plaintiff may disclose Dr. Clark A. Gunderson as an expert for the purposes of Rule 26(a)(2)(C) on or before **August 14, 2023.** Turner may conduct any necessary expert deposition and disclose any expert rebuttal report pursuant to Rule 26(a)(2)(D)(ii) on or before **August 21, 2023**.

**IT IS FURTHER ORDERED** that Turner's Motion to Reopen (R. Doc. 248) is **GRANTED IN PART and DENIED IN PART.** Plaintiff shall produce to the district judge, on or before **August 16, 2023**, a copy of the settlement agreement between Plaintiff and Prudential for *in camera* review.

Signed in Baton Rouge, Louisiana, on August 11, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**